413 A.2d 1086

Anthony T. McGARTLAND, Appellant,

v.

AMPCO–PITTSBURGH CORP., and Underwriters Adjusting
Company, Insurance Carrier, Appellees,

and

Commonwealth of Pennsylvania, Workmen's
Compensation Appeal Board.

Supreme Court of Pennsylvania.

Submitted March 11, 1980.

Decided May 2, 1980.

206

Alexander J. Pentecost, Pittsburgh, for appellant.

David M. McCloskey, Will & Keisling, Pittsburgh, for appellees.

Before EAGEN, C. J., and O'BRIEN, ROBERTS, NIX, LARSEN, FLAHERTY and KAUFFMAN, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

Anthony T. McGartland (Claimant) appeals here from an order of the Commonwealth Court affirming an order of the Workmen's Compensation Appeal Board (Board) reversing a referee's decision awarding compensation for loss of use of Claimant's left hand for all practical intents and purposes.

Claimant suffered a work-related injury to his left hand in the course of his employment as a die setter. As a result, he eventually underwent an operation for the amputation of his first, second and third fingers leaving stumps of approximately three-fourths inch in length. Based on lay and medical testimony and on a personal observation of Claimant's hand, the referee made a factual finding that Claimant sustained the loss of use of his left hand for all practical

purposes and awarded compensation. On appeal to the Board, Claimant, accompanied by his attorney, appeared at the argument, and the Board had occasion to observe Claimant's hand. Based on this observation and nothing more, the Board unanimously reversed the referee's finding and award of benefits, stating

> Normally, we would be powerless to intervene and would have to sustain his (the referee's) award if competent evidence can support it. However, during the argument of this case, this Board had occasion to observe Claimant's hand and his ability to function with it. Since we made this observation, we .have in effect taken additional testimony and are not bound by the Referee's Findings of Fact. We are of the unanimous decision that the Claimant has not suffered the loss of use of his left hand for all practical intents and purposes.

■ Section 423 of the Pennsylvania Workmen's Compensation Act [1] provides:

> In any such appeal the board may disregard the findings of fact of the referee if not supported by competent evidence *and* if it deem proper may hear other evidence, and may substitute for the findings of the referee such findings of fact as the evidence taken before the referee and the board, as hereinbefore provided, may in the judgment of the board, require, and may make such disallowance or award of compensation or other order as the facts so founded by it may require. (Emphasis added).

Where the referee's findings are supported by competent evidence, the Board cannot take additional evidence and substitute its own findings of fact for those of the referee. Use by the General Assembly of the conjunctive "and" rather than the disjunctive "or" compels this construction. *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board,* 18 Pa.Cmwlth. 352, 336 A.2d 440 (1975). Cases involving loss of use do not fall within any exception to this rule.

1. Act of June 2, 1915, P.L. 736, as amended, 77 P.S. § 854.

The referee's findings in the instant matter are clearly supported by competent evidence. Claimant testified that his left little finger was initially caught in the press along with his left index, middle and ring fingers, but he was able to free his little finger before it was severed by the press. He testified that he has not used his left hand since his injury because of the resultant pain in his left arm. Claimant testified that he could not do the same job that he did at the time of the accident, and that his employer assigned him as a payroll and insurance clerk when he returned to work. Claimant stated that he could not hold objects of any weight, open a car door, button his clothes, or use his left hand to bathe. Claimant's physician stated unequivocally that claimant's left hand was lost for all practical purposes because of the loss of mechanism created by the amputation of claimant's index, middle and ring fingers, and that his condition was permanent. Even medical testimony presented by the employer indicated that claimant's activities were very limited because of the amputation of his three fingers as described above; and further that claimant did not have the potential for grasp and grip.

■ The presence of this evidence in the record, coupled with the referee's observation of claimant's hand, which was relied upon by the referee in his findings of fact, clearly indicates that the referee's findings were supported by competent evidence.[2] Therefore, on the basis of *Forbes Pavilion Nursing Home, Inc. v. Workmen's Compensation Appeal Board, supra,* the Board's actions were improper.

We reverse the order of the Commonwealth Court and reinstate the award of the referee.

**2.** It is not necessary that the injured body part be of absolutely no use in order for the injured claimant to qualify for compensation. Rather, the proper test to be applied is whether claimant has suffered the permanent loss of use of the injured member "for all practical intents and purposes." *Workmen's Compensation Appeal Board v. Hartlieb,* 465 Pa. 249, 252, 348 A.2d 746, 750 (1976); *Wall v. Workmen's Compensation Appeal Board,* 12 Pa.Cmwlth. 12, 315 A.2d 656 (1974).