Wyoming Sand and Stone, Petitioner *v.* Workmen's Compensation Appeal Board (Neil Bartholme), Respondents.

Argued April 6, 1983, before Judges ROGERS, CRAIG and MACPHAIL, sitting as a panel of three.

*Kathleen A. Lenahan, Lenahan & Dempsey, P.C.,* for petitioner.

*George E. Clark, Jr., McHale, Clark & Roth,* for respondent, Neil Bartholme.

OPINION BY JUDGE MACPHAIL, August 19, 1983:

Mr. Bartholme suffered a serious and disabling injury on November 9, 1979 when he was struck in the face and chest area by pieces of a barricade which had been rammed by a tractor-trailer. Bartholme received workmen's compensation benefits until he returned to work on April 7, 1980 with no loss in earnings. When his employer's[1] insurance carrier filed a petition for termination, Bartholme claimed additional benefits for serious and permanent disfigurement under the provisions of Section 306(c)(22) of The Pennsylvania Workmen's Compensation Act (Act), Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §513(22).

After a hearing at which Bartholme appeared personally and presented color photographs of his face and neck area, and after receiving the deposition of a plastic surgeon, the referee found that claimant had

---

[1] Wyoming Sand and Stone.

sustained serious and permanent disfigurement and awarded Bartholme 25 weeks of compensation at $227 per week.

Bartholme appealed to the Workmen's Compensation Appeal Board (Board) which held, after viewing the claimant, that the referee made a "capricious and serious mistake" and, without changing any of the referee's findings, awarded Bartholme 50 weeks of compensation.

The employer's appeal to this Court followed.

In its opinion, the Board declared that it was aware of prior cases of this Court and of our Supreme Court[2] which had discussed the issue of the Board's view of a claimant in a loss of use or disfigurement case, but opined that the Board was not prohibited by that case law from viewing a claimant. The Board held that its personal view was more helpful than any word description or even photographs, which might depend upon the photographer's expertise. The Board also stated that by exercising its authority in viewing claimants in such cases, it would promote uniformity in awards in this area of the law, noting that a majority of the referees would give, in the Board's opinion, a substantially higher award in the instant case.

This Court, of course, has never held that the Board could not, in a proper case, view a claimant. What we have consistently maintained is that where the referee's findings are based upon substantial evidence, the Board may not, solely on the basis of its own view of the subject, modify the referee's award. *Allegheny Ludlum Industries, Inc. v. Workmen's Compensation Appeal Board*, 71 Pa. Commonwealth Ct. 74,

---

[2] *McGartland v. Ampco-Pittsburgh Corp.*, 489 Pa. 205, 413 A.2d 1086 (1980) and *St. Joe Zinc v. Workmen's Compensation Appeal Board*, 59 Pa. Commonwealth Ct. 363, 429 A.2d 1262 (1981).

455 A.2d 213 (1983) and *St. Joe Zinc.* In the instant case, the Board begins by stating that "the referee adequately describes the scars in his Findings of Fact, Nos. 7 and 8". Nowhere in its opinion does the Board dispute any of the referee's findings. *Allegheny Ludlum Industries, Inc.,* was a case almost identical to the one before us. The referee there described the claimant's scar and awarded him four weeks of compensation; the Board made no different findings but increased the award to eight weeks solely on the basis of its view of the scar. We reversed. This case law is merely an application of the well settled principle that where the referee's findings are based upon substantial evidence, the Board may not take additional evidence and substitute its own findings. *McGartland.*

There can be no doubt that the referee's findings in the instant case are based upon substantial evidence. We hold further that the Board may not disturb the referee's award for the sake of uniformity, which we doubt can be achieved in any event where so much depends upon the eye of the beholder. No two scars are identical and even where scars are similar, we believe each case must be judged on its own merits because of the different physical characteristics of each person. This is the proper fact-finding role of the referee. In summary, we think uniformity in these cases is impractical and most likely impossible.

In any event, we are satisfied that the Board erred when it held that the referee's award was capricious.

Order reversed.

### ORDER

The Order of the Workmen's Compensation Appeal Board dated April 1, 1982 is reversed. The order of the referee is reinstated.