105 Pa. Commonwealth Ct. 106 (1987)
523 A.2d 415
Donald E. Bailey, Petitioner
v.
Workmen's Compensation Appeal Board (Lawton Feed & Supply, Inc.), Respondents.
No. 3082 C.D. 1985.
Commonwealth Court of Pennsylvania.
March 27, 1987.
Argued October 7, 1986.
*107 Before Judges MACPHAIL, COLINS and PALLADINO, sitting as a panel of three.
William C. Price, Jr., with him, David C. Martin, Jr., for petitioner.
Edward G. Kuyat, Jr., Kuyat & Walker, for respondent, Lawton Feed & Supply, Inc.
OPINION BY JUDGE PALLADINO, March 27, 1987:
Donald E. Bailey (Petitioner) appeals from the order of the Workmen's Compensation Appeal Board (Board) which affirmed a referee's order granting a Modification Petition.
In July, 1977, Petitioner, a cement truck driver for Lawton Feed & Supply, Inc. (Employer), sustained a compensable injury when his right hand became caught in a cement chute severely injuring three of his four *108 fingers. Petitioner was placed on disability and received workmen's compensation benefits until his return to work in June, 1978. Because cold weather caused Petitioner to experience pain and stiffness in his injured hand, he was also placed on total disability during the winter and early spring months of each year through 1984.
In September, 1983, the Employer filed a Petition for Modification contending that as of August 23, 1983, Petitioner's injury had resolved into the permanent loss of use[1] of his right four fingers. A hearing was held and the referee found in pertinent part:
9. Claimant's thumb and four fingers are completely intact and no part of them has been severed or amputated.
10. After considering all of the medical evidence presented, claimant has lost the use of his first, second and third fingers for all practical intents and purposes. Furthermore, since the third and fourth fingers generally work together, claimant has also lost the use of his fourth finger for all practical intents and purposes.
11. There is no loss of use of the thumb inasmuch as it has completely independent motion.
12. There is no loss of use to be associated with the hand past the metacarpal-phlangeal joints on the three injured fingers.
13. Claimant's traumatic injury did not extend beyond the first, second, third and fourth fingers.
14. After considering all of the medical evidence presented, claimant has not lost the use of his hand for all practical intents and purposes.
*109 The referee concluded that Petitioner had received compensation in excess of the amounts set forth in Section 513 of The Pennsylvania Workmen's Compensation Act[2] for the loss of his four fingers. As a result, the referee held that the Employer was entitled to a credit for excessive benefits paid to Petitioner and granted the Employer's Petition for Modification terminating compensation payments to Petitioner. Petitioner appealed to the Board contending that referee's Finding # 14, that Petitioner did not sustain the loss of use of his hand, was not supported by competent evidence. The Board held that the referee's order was supported by competent evidence and affirmed the order granting Employer's Petition for Modification.
On appeal to this Court, Petitioner contends that the Board erred in not reversing the referee because the referee held that Petitioner lost the use of all four fingers for all practical intents and purposes but then failed to find that he lost the use of his right hand.
Our scope of review is limited to a determination of whether constitutional rights were violated, an error of law was committed or whether any finding of fact was not supported by substantial evidence. Estate of McGovern v. State Employees' Retirement Board, 512 Pa. 377, 517 A.2d 523 (1986).
In Dally v. Workmen's Compensation Appeal Board (Pullman Standard), 82 Pa. Commonwealth Ct. 291, 474 A.2d 1215 (1984), we held that the determination of whether a loss of an extremity occurred is a question of fact for the referee to resolve. The party seeking to establish the loss of use of an extremity must show that there has been a permanent loss of use of the injured part of his body for all practical intents and purposes. Id. Accordingly, we must determine whether the referee's *110 finding that Petitioner did not suffer a loss of use of his right hand was supported by substantial evidence.
The record contains the following testimony, of Norman Minde, M.D. who, in response to the question of whether Appellant lost the use of the entire right hand, answered:
No, there is no loss of use of the hand. He has a contact thumb. The thumb is at least 40 percent of the hand. He has use of the little finger because he can show a pinch with the thumb and little finger. . . . So, there is no loss of use of the whole hand.
The referee, in his position as fact-finder, has to examine the testimony as a whole, and arrive at a decision based on its entirety. Dally.
In the case at bar, there was conflicting medical testimony from Petitioner's treating physician, who said that the injury extended beyond the fingers into the hand, but who did not say the injury resulted in the loss of use of the hand for all practical intents and purposes. However, credibility of witnesses is for the referee to evaluate and he may accept the testimony of one medical witness over another. McCarter v. Workmen's Compensation Appeal Board, 94 Pa. Commonwealth Ct. 261, 503 A.2d 990 (1986). In light of the testimony by Dr. Minde, the referee's conclusion that Petitioner did not suffer the loss of use of the right hand for all practical intents and purposes, was supported by substantial evidence of record. Accordingly, we affirm the decision of the Board to uphold the referee's determination.
Petitioner also contends that the Board's decision is in conflict with the Pennsylvania Supreme Court's decision in McGartland v. AMPCO  Pittsburgh Corporation, 489 Pa. 205, 413 A.2d 1086 (1980). We do not agree. In McGartland, the Board reversed a referee's finding of fact that the claimant had suffered the loss of *111 use of his left hand when three fingers were amputated in a work-related accident. The Supreme Court reversed the Board holding that "[w]here the referee's findings are supported by competent evidence, the Board cannot take additional evidence and substitute its own findings of fact for those of the referee." In the case at bar, the Board is following the mandate set forth in McGartland. Here the referee found, as fact, that Petitioner did not suffer loss of use of his hand. This finding was supported by competent evidence. Therefore, the Board's decision to affirm the referee's order was proper.
Accordingly, the order of the Workmen's Compensation Appeal Board is affirmed.

ORDER
AND NOW THIS March 27, 1987, the order of the Workmen's Compensation Appeal Board in the above-captioned case is affirmed.
NOTES
[1] Specific loss of use is covered under §306(c)(4) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §513(4).
[2] Id.