531 A.2d 547

School District of Philadelphia, Petitioner v. Workmen's Compensation Appeal Board (March), Respondents.

Sandra March Day, Petitioner v. Workmen's Compensation Appeal Board (School District of Philadelphia), Respondents.

464

Argued June 9, 1987, before Judges CRAIG and DOYLE, and Senior Judge KALISH, sitting as a panel of three.

*Christina J. Barbieri,* for employe.

*John C. Janos,* with him, *Francine T. Lincicome,* for employer.

OPINION BY JUDGE CRAIG, September 21, 1987:

Before this court are the cross-appeals of the claimant, Sandra Lee March, and the employer, School District of Philadelphia, from an order[1] of the Workmen's Compensation Board of Review reversing a referee's decisions in part. Specifically, the board affirmed the referee's permanent disfigurement award and the referee's determination that there had been a reasonable contest in that disfigurement proceeding. The board also affirmed the referee's assessment of a 10% penalty upon the employer for unreasonable delay. However, the board reversed the referee's determination that there had been an unreasonable contest in the disability case, and the board also reduced the school district's credit for sickness and accident benefits paid from 100% to 50%. Additionally, the board determined that the employer had not acted in violation of the law.

On appeal, the claimant is challenging the board's disfigurement award for her scar, and also the board's

---

[1] The Workmen's Compensation Appeal Board had consolidated the appeals from two separate cases involving this claimant and her employer, the school district. One of those cases related to the disfigurement proceedings and the other case related to the disability proceedings.

assessment of only a 10% penalty, asserting that she is entitled to a 20% penalty assessment. Additionally, the claimant challenges the board's determination that there had been a reasonable contest relating to the claimant's disability. On the other hand, the school district is challenging the board's determination that the school district was entitled to only 50% credit for sickness and accident benefits paid to the claimant during her disability. Additionally, the school district challenges the imposition of a penalty amount on a "per annum" basis.

According to the referee's findings of fact, the claimant worked as a special education teacher for mentally retarded children in the Life Skills Program for the school district. On March 10, 1981, the claimant sustained a work-related injury in the course and scope of her employment. Unknown assailants had assaulted the claimant while she was en route to a bank near the school during an allotted preparation period. The claimant suffered a cerebral concussion, injuries to teeth and jaw, fractures of face and cheek and permanent injuries to eye and face and numbness. The claimant was temporarily and totally disabled from March 10, 1981 through October 21, 1981 when she regained the ability to return to work.

From March 11, 1981 to April 22, 1981, from May 1, 1981 to June 30, 1981, and from September 1, 1981 to October 21, 1981, the claimant received from the school district's insurance carrier payments equal to or in excess of that to which she would have been entitled under The Pennsylvania Workmen's Compensation Act.[2]

This court's scope of review of the following issues is limited to determining whether there has been a constitutional violation or an error of law, and whether sub-

---

[2] Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. §§1-1603.

stantial evidence supports the findings of fact. *Estate of McGovern v. State Employees' Retirement Board,* 512 Pa. 377, 517 A.2d 523 (1986).

## Disfigurement Award

Under section 306(c)(22) of The Pennsylvania Workmen's Compensation Act, 77 P.S. 513, the board made an award of forty weeks compensation to the claimant for facial disfigurement sustained in the assault. The claimant is challenging that award as inadequate and inconsistent with the evidence.

As the board noted in its decision, the amount of an award for a disfigurement is a question of fact which cannot be disturbed if the referee's finding describes the disfigurement adequately and that description has a basis in the record. *Wyoming Sand and Stone v. Workmen's Compensation Appeal Board,* 76 Pa. Commonwealth Ct. 458, 464 A.2d 617 (1983). Because the referee here specifically described the claimant's disfigurement at length, including the effect of the right-side fracture on her speech and eating, the board correctly determined that it was constrained to affirm the referee's decision.

The claimant asserts that the board erred in refusing to make an independent review of the claimant's disfigurement despite its authority to do so as indicated in *American Chain and Cable Co. v. Workmen's Compensation Appeal Board,* 70 Pa. Commonwealth Ct. 579, 454 A.2d 211 (1982). However, in *American Chain* at 585, 454 A.2d at 214, this court stated that:

In certain circumstances, such as here, *where the referee made no findings actually describing the disfigurement for the benefit of a subsequent review* and appeal to the Board, a view of the scar would be the only meaningful way to establish whether the opinion of the referee is indeed

supported by substantial competent evidence.
(Emphasis added.)

Accordingly, *American Chain* is not applicable here where the referee made numerous findings describing the disfigurement for the benefit of subsequent review. Therefore, we must affirm the board's award of forty weeks of compensation for the claimant's disfigurement.

## Penalties

Under section 435(d)(i) of the Workmen's Compensation Act, 77 P.S. §991(d)(i), a claimant may receive a penalty for counsel fees up to 20% of the compensation awarded. Although the referee awarded that full 20% penalty, the board reduced it to a 10% penalty after reasoning that the school district had not acted in violation of the Act.

In a workmen's compensation proceeding, no penalty may be imposed at all under subsection 435(d) without proof of a violation of the Act or of the rules of the department or board. *Jones v. Workmen's Compensation Appeal Board*, 65 Pa. Commonwealth Ct. 208, 442 A.2d 37 (1982). Accordingly, if the board is correct in its determination that the employer did not act in violation of the law or of the rules of the department or board, then its imposition of a penalty for unreasonable delay alone was erroneous.

However, the referee specifically found that "Defendant [employer] ignored numerous efforts of Claimant to effectuate a Worker's Compensation Claim, including the filing of an accident report on her behalf."[3] In workmen's compensation cases, the referee, not the board, is the ultimate factfinder. *Dudley v. Workmen's Compensation Appeal Board (Marple Township)*, 80 Pa. Commonwealth Ct. 233, 471 A.2d 169

---

[3] Referee's Finding of Fact No. 8.

(1984). Because there is ample evidence in the record to support the referee's determination that the employer acted in violation of the Act[4] by failing to effectuate the claim for compensation, we must reverse the board's contrary determination and reinstate the referee's finding. Accordingly, we must reverse the board on the penalty issue and reinstate the referee's imposition of a 20% penalty based on the employer's actions in violation of the Act in its unreasonable delay in the payment of compensation.

### Reasonable Contest on Disability

The claimant challenges the board's determination, contrary to the referee's decision, that there had been a reasonable contest in the claimant's disability case. Although the employer failed to present medical evidence to disprove disability and the employer also admitted liability to pay compensation for the claimant's injury, we must agree with the board that the issue of the employer's entitlement to sickness-and-accident-benefit credit related to the amount of compensation due and therefore constituted a significant legal issue which gave rise to a reasonable contest. Accordingly, we affirm the board's determination that there had been a reasonable contest with respect to the disability issue.

---

[4] Section 438 of the Act, 77 P.S. §994, requires the employer to report work-related injuries immediately to its workmen's compensation insurer and the Department of Labor and Industry. The record contains evidence that the employee notified the employer on April 9, 1981, that she had sustained work-related injuries. On April 30, 1981, the school district notified the claimant that her only remedy was a workmen's compensation claim. After refusing the claimant's request to have the necessary forms sent to her, the school district notified her on June 2, 1981, that she had to go to her school where personnel would complete the necessary forms. On June 25, 1981, the school principal notified the claimant that he refused to sign the "Employer's Report of Occupational Injury or Disease."

### *Credit*

The school district asserts that it is entitled to a 100% credit for the sickness and accident benefits paid to the claimant during her disability. Although the school district bases its claim for credit under section 319 of the Workmen's Compensation Act, 77 P.S. §671, this court has determined that, "[a]lthough the concepts of subrogation and credit have many similarities, they are distinguishable because a credit does not have its genesis in a workmen's compensation setting in Section 319 of the Act." *Humphrey v. Workmen's Compensation Appeal Board (Super Market Service)*, 100 Pa. Commonwealth Ct. 33, 514 A.2d 246 (1986).

The school district is self-insured for sickness and accident benefits. Initially, the school district had treated the claimant's injury as a non-work-related incident. Consequently, the claimant received benefits under the school district's wage continuation program for non-occupational sickness and accident benefits. The Equitable Life Assurance Society of the United States administers that wage continuation program.

That plan provides benefits for non-occupational disability at the rate of 75% of the employee's base salary. The school district contributes 50% of the premiums for those benefits and the employee contributes the other 50% of those premiums.

There is no dispute that the claimant's sickness and accident benefits were greater than those to which she would have been entitled under the Workmen's Compensation Act. Also, there is no dispute that the school district's sickness and accident policy lacks a subrogation clause.

The criterion for allowing a credit against an employer's workmen's compensation obligation is whether the claimant would be required to deplete benefits which could have been used for other purposes. *Simp-*

*son v. Workmen's Compensation Appeal Board,* 48 Pa. Commonwealth Ct. 51, 408 A.2d. 1186 (1979). Consequently, there are times when a claimant is entitled to simultaneous recovery. *General Tire & Rubber Co. v. Workmen's Compensation Appeal Board,* 16 Pa. Commonwealth Ct. 473, 332 A.2d 867 (1975).

In determining when it is possible for a claimant to collect a simultaneous recovery from the employer and an insurance company, this court has determined that the crucial factor is the identity of the party who is paying for the insurance benefit. *Humphrey* at 41, 514 A.2d at 250. For example, in *Simpson,* the employer had paid for the insurance benefits and was consequently entitled to a credit. In *Humphrey,* the claimant had received health benefits on her husband's sickness and accident policy. There, we stated that "the concept of depletion of benefits in deciding whether a credit is applicable would make no sense unless the benefits in question are being provided by the employer." *Id.* at 41, 514 A.2d at 250. Although this court remanded that case for further factfinding, we reaffirmed our holding in *General Tire* that it is not against public policy to permit simultaneous recovery under The Pennsylvania Workmen's Compensation Act and a private health insurance program. Because the employer here provided only half of the sickness and accident health benefits, we must find that the board logically applied this court's credit analysis and, focusing on who paid for the benefits, the board correctly concluded that, because the employer paid for 50% of the benefits, the employer was entitled to a 50% credit.

## Application of Penalty

The school district challenges the referee's assessment of the penalty on a "per annum" basis. Section

435(d)(i) of The Pennsylvania Workmen's Compensation Act provides the authority for the imposition of a penalty, and reads:

> Employers and insurers may be penalized a sum not exceeding ten per centum of the amount awarded and interest accrued and payable: Provided, however, that such penalty may be increased to twenty per centum in cases of unreasonable or excessive delays. Such penalty shall be payable to the same persons to whom the compensation is payable.

The referee's order stated that "[t]he above award shall bear interest at the rate of 10% and 20% per annum on all due and unpaid compensation." As the board recognized, the imposition of interest at the rate of 10%, on a per annum basis, was proper. However, the referee's order apparently was inadvertently incorrect in appearing to modify the 20% penalty by the "per annum" phrase. Clearly, under the statute as quoted above, a penalty, whether at 10 or 20%, applies to the whole amount of the compensation awarded, including compensation already paid and compensation to be paid in the future. However, there is nothing in the statute to indicate that the whole penalty amount is to be reimposed anew each year. The referee's order apparently did not intend such a result, despite the placement of the "per annum" phrase, and this court, by reinstating the 20% penalty, will not so construe or effectuate the penalty.

### Conclusion

Accordingly, we affirm the board's decision as to (1) the disfigurement award; (2) the determination that there had been a reasonable contest with respect to the claimant's disability; and (3) allowing the employer a

50% credit for sickness and accident benefits paid. However, we will reverse the board's imposition of a 10% penalty and reinstate the referee's imposition of a 20% penalty, and we will reverse the decision to the extent that it would have assessed the latter penalty on a per annum basis.

## ORDER AT NO. 1244 C.D. 1986

NOW, September 21, 1987, the order of the Workmen's Compensation Appeal Board, dated April 4, 1986, at No. A-87803, is reversed with respect to the penalty award in that this court now orders that the claimant is entitled to a 20% penalty award. That order is also reversed to the extent that it permitted a penalty to be assessed on a per annum basis.

We affirm the board's order in all other respects.

## ORDER AT NO. 1317 C.D. 1986

NOW, September 21, 1987, the order of the Workmen's Compensation Appeal Board, dated April 4, 1986, at No. A-87803, is reversed with respect to the penalty award in that this court now orders that the claimant is entitled to a 20% penalty award. That order is also reversed to the extent that it permitted a penalty to be assessed on a per annum basis.

We affirm the board's order in all other respects.