598 A.2d 333

**CONSOLIDATED COAL COMPANY, Petitioner,**

v.

**WORKMEN'S COMPENSATION APPEAL BOARD (BARDOS), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Aug. 2, 1991.

Decided Oct. 3, 1991.

Carl J. Smith, Jr., for petitioner.

James J. Bedortha, for respondent.

Before DOYLE and PELLEGRINI, JJ., and NARICK, Senior Judge.

PELLEGRINI, Judge.

Consolidated Coal Company (Employer) appeals from an order of the Workmen's Compensation Appeal Board (Board) which affirmed the Referee's decision to grant Steve Bardos (Claimant) workmen's compensation benefits for a period of fifty weeks as a result of a facial disfigurement he sustained while in the course of his employment.

Claimant was employed by Consolidated Coal Company for eighteen years. On November 23, 1988, during the course of his employment, Claimant was struck by a chain binder and sustained an injury to the right side of his face. Although the Employer paid all of Claimant's medical expenses and Claimant did not lose any time from work, on March 9, 1990, Claimant filed a Petition For Modification of Compensation to increase his benefits, alleging that he had sustained serious and permanent facial disfigurement not usually incident to his job. The Employer filed an Answer denying the existence of any facial disfigurement.

On May 7, 1990, a hearing was held before the Referee at which time the only evidence admitted was Claimant's testimony and the Referee's viewing of Claimant's face. On

September 21, 1990, the Referee issued a decision, determining that Claimant had met his burden of proving that he sustained serious and permanent facial disfigurement not usually incident to his job. Specifically, the Referee found that Claimant had sustained a fractured bone near his right eye which resulted in his right eyebrow being lower than his left eyebrow, and his right eyelid having the appearance that it was constantly tightened. Consequently, the Referee amended Claimant's benefits for a period of fifty weeks pursuant to Section 306(c)(22) of the Workmen's Compensation Act (Act).[1]

The Employer appealed the Referee's decision to the Board, alleging that the Referee's award to Claimant was excessive, and that the Board erred by refusing to make an independent review of Claimant's disfigurement.[2] The Board affirmed the Referee's decision without making an independent review of Claimant's disfigurement, based on its determination that the Referee adequately described Claimant's disfigurement and that description had a basis in the record. The Employer then filed the instant appeal.

The issues now before us are whether the Referee's award of benefits to Claimant for fifty weeks was excessive, and whether the Board erred by failing to view Claimant's facial disfigurement in determining whether the amount awarded by the Referee was supported by substantial evidence.

While the Employer agrees that the Referee's description of Claimant's injury supports a finding that a disfigurement

---

**1.** Section 306(c)(22) of The Pennsylvania Workmen's Compensation Act, Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(22), provides that for all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows: (22) for serious and permanent disfigurement of the head, neck or face, of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment, sixty-six and two-thirds per centum of wages not to exceed two hundred seventy-five weeks.

**2.** The Employer did not question the adequacy of the Referee's description of Claimant's disfigurement or the Referee's finding that Claimant's face was seriously and permanently disfigured as a result of his work-related injury.

exists, the Employer claims that the award is excessive, arguing that the description is not substantial evidence sufficient to support the amount of the award. The Employer cites the case of *American Chain & Cable Company v. Workmen's Compensation Appeal Board (Weaver)*, 70 Pa.Commonwealth Ct. 579, 454 A.2d 211 (1982), for the proposition that the record must contain substantial evidence to support both the existence of a disfigurement *and* the amount awarded. As such, the Employer contends that in order to determine whether substantial evidence supports the amount of the award, the Board must view the disfigurement. We disagree.

■ In any disfigurement case, the Referee inevitably must base his findings of fact and determination of compensability on his personal observations of the damage to the normal appearance of the Claimant. Unlike other compensable injuries, disfigurement is not best determined by expert medical testimony or by testimony from witnesses describing what the Claimant's disfigurement looks like. Rather, it is the physical appearance of the Claimant himself which constitutes the evidence considered by the Referee. *American Chain & Cable Company*, 70 Pa.Commonwealth Ct. at 583, 454 A.2d at 214. The Referee's findings are based upon his observations of Claimant's disfigurement and are the basis for the determination of the severity of the disfigurement and the subsequent award of benefits.

■ Because the Referee is in the most advantageous position to determine the extent of the Claimant's disfigurement, this court has held that the determination of the amount of an award for disfigurement remains purely discretionary with the Referee. *Fuller Company v. Workmen's Compensation Appeal Board (Colon)*, 99 Pa.Commonwealth Ct. 193, 512 A.2d 1335 (1986). Under Section 306(c)(22) of the Act, the Referee has the discretion to award benefits up to a maximum of 275 weeks based upon his subjective evaluation of the unsightly appearance of the

disfigurement.[3] *American Chain & Cable Company,* 70 Pa.Commonwealth Ct. at 585, 454 A.2d at 214. In this case, the Claimant requested that the Referee award him benefits for a period of 75 weeks, while the Employer offered to pay Claimant benefits for a period of 20 weeks. (Reproduced Record at 20a–21a.) In light of these facts and the fact that the Referee observed Claimant's disfigurement first-hand, and based on his description, we cannot find that the Referee's award of benefits to Claimant for a period of 50 weeks was excessive.

The Employer also argues that the Board should view the disfigurement in every case to determine whether the award is supported by substantial evidence. However, this court has held that the amount of an award for a disfigurement is a question of fact which cannot be disturbed if the Referee's finding describes the disfigurement adequately and that description has a basis in the record. *School District of Philadelphia v. Workmen's Compensation Appeal Board (March),* 109 Pa.Commonwealth Ct. 463, 531 A.2d 547 (1987), *petition for allowance of appeal denied,* 519 Pa. 656, 546 A.2d 60 (1988). Only when the Referee has failed to describe the disfigurement in his findings of fact for subsequent review by the Board should the Board also view the disfigurement to determine whether an award for disfigurement is supported by substantial evidence. *United States Steel Corporation v. Workmen's Compensation Appeal Board (Gouker),* 52 Pa.Commonwealth Ct. 641, 416 A.2d 619 (1980). Because the Referee adequately described Claimant's facial disfigurement, we

3. We also noted in *Fuller,* "[T]he latitude afforded the trier of the facts in making a monetary evaluation is certainly not unrestrained by the Legislature in fixing a maximum of 275 weeks as the outside limit for a disfigurement award. This is by far more restrictive than the authority granted to a jury in similarly evaluating a disfigurement in cases at common law where there is no limit whatsoever on the amount that a jury may award in such cases." *Fuller,* 99 Pa.Commonwealth Ct. at 198, 512 A.2d at 1338. Just as a jury verdict will not be disturbed unless it shocks the conscience of the court, a referee's award for disfigurement will not be disturbed unless the description of the disfigurement as compared to the number of weeks awarded shocks the conscience of the reviewing authorities.

cannot find that the Board erred by failing to review Claimant's disfigurement in determining whether the award of benefits was excessive.

Accordingly, the decision of the Board is affirmed.

## ORDER

AND NOW, this 3rd day of October, 1991, the order of the Workmen's Compensation Appeal Board dated February 26, 1991, Number A90–2239, is affirmed.