611 A.2d 1187

**HASTINGS INDUSTRIES and Federal Insurance Company**

v.

**COMMONWEALTH of Pennsylvania, WORKMEN'S COMPENSATION APPEAL BOARD (Melvin HYATT).**

**Appeal of Melvin HYATT.**

Supreme Court of Pennsylvania.

Argued March 13, 1992.

Decided June 17, 1992.

Fred C. Trenor, William S. Evans, Dara A. DeCourcy, Zimmer, Kunz, Loughren, Hart, Lazaroff, Trenor, Banyas & Conaway, P.C., Pittsburgh, for appellant.

Raymond F. Keisling, James R. Schmitt, Vasiliki O. Clemenza, Will, Keisling, Ganassi & McCloskey, Carnegie, for appellees.

Before NIX, C.J., and LARSEN, FLAHERTY, McDERMOTT, ZAPPALA, PAPADAKOS and CAPPY, JJ.

## OPINION OF THE COURT

FLAHERTY, Justice.

At issue is the scope of review by the Workmen's Compensation Appeal Board (WCAB) in a facial disfigurement case under the Pennsylvania Workmen's Compensation Act.[1] We must decide whether WCAB may modify the amount of a referee's award, based on the board's view of the facial disfigurement, when it determines that the referee capriciously disregarded evidence of the severity and unsightliness of the disfigurement.

Appellant, Melvin Hyatt, was injured at work in a natural gas explosion on May 3, 1985. In addition to other injuries, he suffered facial lacerations which required extensive suturing, causing permanent facial disfigurement. He received temporary total disability payments for his other injuries, then sought benefits under section 306(c)(22) of the workers' compensation act, 77 P.S. § 513(22), to compensate him for the partial disability of the facial disfigurement.

[1]. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 1 *et seq.*

The referee viewed appellant's disfigurement and described it as follows:

A scar commencing approximately 1" inch above the right corner of the right eyebrow and extending horizontally 1¼" to the right sideburn, being ¼" wide at the eye side and ⅛" wide at the sideburn; an inverted "V" scar on the right ear lobe approximately ⅛" wide throughout with the left edge being ½" and the right edge ¼" in length; a "Y" scar with the "tail" line commencing under the right ear lobe and extending down onto the throat 1½" and the left edge extending behind the right ear and upward 1¼", and the top portion of the "Y" being approximately ³⁄₁₆" in width and the bottom tail section tapering to ⅛" in width; said scars being a whitish-pink color compared with the surrounding tan skin.

He found as facts that the described disfigurement was caused by an industrial injury, that it was serious and permanent, that it caused an unsightly appearance, and that it was not usually incident to appellant's employment. He concluded, as a matter of law, that the injury was compensable and that appellant was entitled to 17 weeks of compensation therefor. The Workmen's Compensation Appeal Board (WCAB) viewed the injury and held that, although the referee's description of the scarring was accurate, the award of 17 weeks' compensation was a capricious disregard of competent evidence. The WCAB therefore amended the award to provide compensation of 50 weeks, stating that the increase was necessary to achieve uniformity among the referees of Pennsylvania.

The Commonwealth Court reversed the WCAB and reinstated the referee's award of 17 weeks. The court relied on *School District of Philadelphia v. Workmen's Compensation Appeal Board,* 109 Pa.Cmwlth. 463, 467, 531 A.2d 547, 549 (1987), *alloc. denied,* 519 Pa. 657, 546 A.2d 60 (1988), which held that "the amount of an award for a disfigurement is a question of fact which cannot be disturbed if the referee's finding describes the disfigurement adequately and that description has a basis in the record." Because the WCAB accepted the referee's injury as accurate, the Commonwealth

Court held that the WCAB had no authority to disturb the referee's award, even for the sake of uniformity, citing *Wyoming Sand & Stone v. Workmen's Compensation Appeal Board,* 76 Pa.Cmwlth. 458, 464 A.2d 617 (1983).

Section 423 of the workers' compensation act, 77 P.S. § 854, provides:

§ 854. **Findings on appeal**

In any such appeal the board may disregard the findings of fact of the referee if not supported by competent evidence and if it deem proper may hear other evidence, and may substitute for the findings of the referee such findings of fact as the evidence taken before the referee and the board, as hereinbefore provided, may in the judgment of the board, require, and may make such disallowance or award of compensation or other order as the facts so founded [sic] by it may require.

Interpreting the statute in *McGartland v. Ampco–Pittsburgh Corp.,* 489 Pa. 205, 207, 413 A.2d 1086, 1087 (1980), we held that "[w]here the referee's findings are supported by competent evidence, the Board cannot take additional evidence and substitute its own findings of fact for those of the referee." McGartland had suffered the amputation of the index, middle, and ring fingers of his left hand and, based on his view of the injury and a physician's unequivocal statement that the claimant's hand was lost for all practical purposes, the referee made a factual finding that the claimant sustained the loss of use of his left hand and awarded compensation. Based on nothing more than its observation of the claimant's hand, the WCAB reversed the referee's finding and award of benefits. We reversed, holding that because the referee's findings were supported by competent evidence, the WCAB could not take additional evidence, by viewing the injury, and substitute its own factual findings for those of the referee.

The Commonwealth Court immediately applied the rule of *McGartland* in a disfigurement case "[b]ecause disfigurement and loss of use cases are so closely related," *U.S. Steel Corp. v. Workmen's Compensation Appeal Board,* 52 Pa.Cmwlth. 641, 646, 416 A.2d 619, 621 (1980), and has consistently done so

ever since. *See, e.g., Wyoming Sand & Stone v. Workmen's Compensation Appeal Board, supra* (WCAB's increase of award from 25 to 50 weeks reversed because referee's award was based on substantial evidence and may not be disturbed for sake of uniformity); *Allegheny Ludlum Industries v. Workmen's Compensation Appeal Board,* 71 Pa.Cmwlth. 74, 455 A.2d 213 (1983) (WCAB's increase of award from 3 to 8 weeks reversed because referee's award based on substantial evidence); *Purex Corp. v. Workmen's Compensation Appeal Board,* 66 Pa.Cmwlth. 499, 506, 445 A.2d 267, 271 (1982) ("We have since interpreted *McGartland* to apply to disfigurement cases, as well."); *St. Joe Zinc v. Workmen's Compensation Appeal Board,* 59 Pa.Cmwlth. 363, 429 A.2d 1262 (1981) (WCAB's increase of disfigurement award from 40 to 60 weeks reversed because referee's award supported by competent evidence). The few cases in which the Commonwealth Court has affirmed the WCAB's modification of an award on the basis of WCAB's view of the disfigurement all involved an absence or paucity of factual findings by the referee regarding the appearance of the disfigurement. *See, e.g., Nabisco, Inc. v. Workmen's Compensation Appeal Board,* 82 Pa.Cmwlth. 432, 475 A.2d 188 (1984) (WCAB's increase of disfigurement award from 0 to 20 weeks affirmed because referee failed to describe scarring); *American Chain & Cable Co. v. Workmen's Compensation Appeal Board,* 70 Pa.Cmwlth. 579, 454 A.2d 211 (1982) (WCAB's increase of disfigurement award from 25 to 75 weeks affirmed where referee made no findings actually describing the disfigurement).

█ Implicit in most of the foregoing cases is the assumption that both the extent of the disfigurement and the amount of the award are factual determinations. This assumption is doubtless due to the unique provision regarding disfigurements which permits a referee to award compensation in any amount up to two hundred seventy-five weeks depending upon the severity of disfigurement. 77 P.S. § 513(22). For the loss of, or the permanent loss of use of, any bodily member, the statute prescribes specific periods of compensation for each type of loss. 77 P.S. § 513(1)–(21). When a referee makes a

factual determination that a claimant has lost a bodily member, the amount of the award follows as the night the day. It is clearly a question of law—the straightforward award of the statutory period of compensation applicable to the specific loss—and as such is fully reviewable by the WCAB. The amount of the award in a disfigurement case is likewise a legal determination or is at least a mixed question of fact and law, and as such is subject to review by the WCAB. The fact that a specific period of compensation is not prescribed for every facial disfigurement should not totally insulate the amount of the award from appellate review.

In appellant's case, the referee made what appears to be a highly detailed and accurate description. Yet it is the physical appearance of the claimant himself and the unsightliness of the disfigurement which constitutes the evidence considered by the referee. It is impossible to preserve this evidence with total accuracy in the record. Even if photographs, proverbially worth thousands of words, are included in the record, their accuracy depends on lighting, camera quality, skill of the photographer, and other factors which affect the truth they convey. A detailed description such as that provided by the referee in this case is helpful, but is still woefully inadequate to preserve the evidence visually perceived by the referee when he faces the claimant. This raises an important distinction between disfigurement and loss of use cases. As the Commonwealth Court has noted:

> The referee in a loss of use case does not rely as exclusively on visual evidence as in a disfigurement case. Even if care is taken to develop detailed and accurate descriptions of disfigurement in the record, words alone seldom capture the subjective elements fundamental to the referee's decision. While we can describe the length, location and color of a scar, can we adequately verbalize the impact of these factors which combine to create a degree of "ugliness," if you will, for which a claimant should receive a certain compensation?

*American Chain & Cable Co., supra,* 70 Pa.Cmwlth. at 584 n. 4, 454 A.2d at 214 n. 4. This distinction is sufficiently important to justify a different rule than is applied in loss of use

cases under *McGartland, supra.* Translation of the visual impact of a disfigurement into a monetary award involves a legal element which is subject to review by the WCAB on the basis of its own view of a claimant's visage.

Permitting this scope of review by the WCAB also serves the salutary end of promoting a reasonable degree of uniformity in disfigurement awards. The Commonwealth Court's holding in this case would permit one referee to view a scar and award one week of compensation and a second referee to award two hundred seventy-five weeks for the same scar; the awards would be totally insulated from review by the WCAB so long as both referees gave a detailed verbal description of the scar. We do not think such a result is just: uniformity is an essential component of justice. In this case, the WCAB ingenuously stated: "The evidence does support Finding of Fact # 2 and the scar described in that Finding of Fact in our opinion would have been a 40 (low) to 60 (high) week scar by a preponderance of the Referees of Pennsylvania. Seventeen weeks is significantly low." The board then held that the award of 17 weeks of compensation was a "capricious disregard of competent evidence," and awarded 50 weeks to achieve uniformity. This is not an isolated problem. *See, e.g., Wyoming Sand & Stone, supra,* where the Commonwealth Court rejected the WCAB's note that "a majority of the referees would give, in the Board's opinion, a substantially higher award in the instant case." 76 Pa.Cmwlth. at 460, 464 A.2d at 618. The WCAB performs a valuable function in assuring evenhandedness throughout Pennsylvania in disfigurement cases.

We hold, therefore, that a referee's compensation award in a disfigurement case is not purely a question of fact subject to the rule of *McGartland* applicable to loss of use cases; if the WCAB concludes, upon a viewing of a claimant's disfigurement, that the referee capriciously disregarded competent evidence by entering an award significantly outside the range most referees would select, the WCAB may modify the award as justice may require. The order of the Commonwealth

Court must be reversed and the order of the WCAB reinstated.

Order of Commonwealth Court reversed, and order of Workmen's Compensation Appeal Board reinstated.

McDERMOTT, J., joins the majority opinion and files a separate concurring opinion.

LARSEN, J., notes his dissent.

McDERMOTT, Justice, concurring.

I join in the opinion of the majority based on my understanding that what we are approving is the power of the Board to review the amount of a referee's award in a disfigurement case. We are not, however, passing on the actual standards which the Board may utilize in computing the actual award.