725 A.2d 1282 (1999)
The WESTERN PENNSYLVANIA HOSPITAL and Sedgwick James, Inc., Petitioners,
v.
WORKERS' COMPENSATION APPEAL BOARD (CASSIDY), Respondent.
Commonwealth Court of Pennsylvania.
Argued February 9, 1999.
Decided March 9, 1999.
Peter Molinaro, Jr., Pittsburgh, for petitioner.
Richard S. Belkin, Pittsburgh, for repondent.
Before DOYLE, J., LEADBETTER, J., and RODGERS, Senior Judge.
RODGERS, Senior Judge.
The Western Pennsylvania Hospital and Sedgwick James, Inc. (collectively Employer) petition for review of an order of the Workers' Compensation Appeal Board (Board) that affirmed the workers' compensation judge's (WCJ) decision granting Dennis Cassidy's (Claimant) petition for review but modified Claimant's compensation for disfigurement from four weeks to twenty-two weeks. We affirm.
On March 2, 1995, Claimant suffered a work-related injury. Pursuant to an agreement for compensation, Claimant received benefits for the injury described as a right shoulder injury. On June 6, 1995 Claimant filed a review petition, alleging that the original agreement should be amended to include a C5-6 disc herniation. Claimant also alleged that he was entitled to additional compensation for disfigurement for a scar resulting from surgery related to the disc herniation. Employer denied that Claimant sustained a serious and permanent disfigurement that would entitle Claimant to compensation under the Workers' Compensation Act (Act).[1]
A hearing was held on July 19, 1996, at which Employer stipulated to the amendment to include the disc herniation injury. The only issue remaining before the WCJ concerned whether the scar was compensable. The WCJ viewed the scar, made a finding giving a description of the scar and ordered compensation to be paid to Claimant for four weeks. The WCJ also ordered Employer *1283 to reimburse Claimant's attorney for $372.61 for litigation costs.
Following the hearing, Claimant's counsel had submitted a bill of costs which included payments made for medical reports and office records in conjunction with Claimant's disc herniation treatment and surgery. Employer's counsel objected by letter, arguing that no witness used these records at any hearing and, therefore, the costs in securing these records were not chargeable to Employer in the bill of costs. The WCJ overruled Employer's objection finding that the records were obtained in preparation of and to support the petition regardless of the fact that these reports were unneeded in light of Employer's stipulation.
Both parties appealed to the Board. Claimant argued that the four-week award was outside the range most WCJs would select. The Board agreed with Claimant's argument and modified the WCJ's decision after it viewed the scar. The Board relied on Hastings Industries v. Workmen's Compensation Appeal Board (Hyatt), 531 Pa. 186, 611 A.2d 1187 (1992), which it credited for allowing the Board to modify the WCJ's award of weeks of compensation. The Board ordered payment for twenty-two weeks to make the award more consistent with those it believed the majority of WCJs in the Commonwealth would order.
In its appeal to the Board, Employer argued that the WCJ erred in awarding the costs for the medical reports. However, the Board affirmed the WCJ's award of costs. Although the Board recognized that the stipulation at the hearing rendered moot the necessity for the records, it held that it was necessary for Claimant to obtain these documents as preparation for the effective prosecution of the case and, therefore, the documents were in fact "used" by the Claimant.
On appeal to this Court,[2] Employer argues 1) that the Board erred in viewing and modifying the number of weeks of compensation for the disfigurement in that Section 423 of the Act, 77 P.S. § 854, as amended by Act 57,[3] alters the scope of review of the Board, making it a truly appellate body, 2) that the Board erred in modifying the WCJ's award because the twenty-two week award is excessive and 3) that the Board erred in affirming the WCJ's award of costs in that Claimant did not utilize the records in the prosecution of his case and Claimant failed to submit the bill of costs before the close of the evidentiary record.[4]
Initially, we note that the now deleted Section 423 of the Act, 77 P.S. § 854, allowed the Board to hear evidence and substitute its findings if it had concluded that the WCJ's findings were not supported by competent evidence. Otherwise, the Board was to act as an appellate body. With the passage of Act 57, the prior Section 423 was deleted and replaced in part by a new Section 423(c). This new section deleted the language allowing the Board to take additional evidence, stating only that:
The board shall hear the appeal on the record certified by the workers' compensation judge's office. The board shall affirm the workers' compensation judge adjudication, unless it shall find that the adjudication is not in compliance with section 422(a) and the other provisions of this act.[5]
77 P.S. § 854.2.
Based on the above noted change, Employer argues that the amendment limits the *1284 power of the Board to review a WCJ's decision to the record certified from below. Employer contends that Hastings, and its progeny, which were decided prior to the Act 57 amendments, cannot be relied upon to extend the Board's power in that the Board is no longer allowed to independently view scars in disfigurement cases. This contention is based on Employer's belief that the viewing of the scar equates with the hearing of additional evidence, which is not allowed under the amendment.
Claimant contends that Employer misinterpreted the Hastings decision. Recognizing that although Hastings was decided under the previous version of Section 423 of the Act, Claimant points to language in the Hastings decision wherein the court determined that the award in a disfigurement case is considered a "legal determination or is at least a mixed question of fact and law, and as such is subject to review by the [Board]." Id. at 191, 611 A.2d at 1190. On this basis, the Hastings court reasoned that after viewing a claimant's disfigurement, if the Board concludes that the WCJ capriciously disregarded competent evidence by entering an award significantly outside the range most WCJs would select, the Board may modify the award as justice may require.
Because the Hastings court concluded that the award in a disfigurement case compares favorably to a legal conclusion, we agree with Claimant's position that despite the Act 57 amendment limiting the Board's scope of review, the Board may continue to view the disfigurement and review the amount of compensation awarded by a WCJ. See also Cales v. Workers' Compensation Appeal Board (New Warwick Mining Co.), 721 A.2d 1138 (Pa.Cmwlth.1998).
Employer next argues that the Board's twenty-two week award is excessive, but does not cite any authority giving this Court the power to modify the award. Section 306(c)(22) of the Act, 77 P.S. § 513(22), allows for the grant of compensation in disfigurement cases not to exceed 275 weeks. Employer notes that these types of awards are deemed discretionary and should not be disturbed unless they shock the conscience of the appellate body, citing Consolidated Coal Co. v. Workmen's Compensation Appeal Board (Bardos), 142 Pa.Cmwlth. 621, 598 A.2d 333, n.3 (1991). Therefore, the only way this Court could modify the twenty-two week award would be to conclude that the award shocked our conscience. We do not so conclude. Moreover, we believe as did the Hastings court that the Board "serves the salutary end of promoting a reasonable degree of uniformity in disfigurement awards." Id. at 192, 611 A.2d at 1190. Employer has not argued or provided any information that demonstrates that the Board's award falls outside the range of awards for the type of scar involved here. Therefore, we will not modify the Board's award.
Employer next contends that because it did not contest liability concerning the surgery for the herniated disc, Claimant did not need the documents he listed in his bill of costs and should not have been awarded reimbursement for those costs. Employer recognizes that Section 440 of the Act, 77 P.S. § 996, allows for the award of costs to the employee in whose favor the matter at issue has been determined. However, relying on Duquesne Light Company v. Workmen's Compensation Appeal Board (Birx), 97 Pa.Cmwlth. 13, 509 A.2d 427 (1986), petition for allowance of appeal denied, 514 Pa. 621, 521 A.2d 934 (1987), Employer argues that the records here were not used by a witness and, therefore, they should not have been reimbursed to Claimant. The Duquesne Light court held that in determining whether costs are reimbursable one must look to whether the records were used by a witness in the case.
Claimant distinguishes Duquesne Light, arguing that prior to the first hearing at which time the stipulation was entered into, the issue concerning the disc herniation was still in dispute. We agree. Nothing was finally settled with regard to liability for the surgery for the herniated disc until the parties entered into the stipulation at the hearing. The Board correctly concluded that Claimant needed to secure these records in order to be prepared to litigate all of the issues. Thus, the reimbursement order was proper.
*1285 Accordingly, for the reasons stated above, we affirm the Board's order.

ORDER
NOW, March 9, 1999, the order of the Workers' Compensation Appeal Board, at No. A96-3621, dated April 17, 1998, is affirmed.
NOTES
[1] Act of June 2, 1915, P.L. 736, as amended, 77 P.S. §§ 1-1041.4.
[2] Our scope of review in a workers' compensation appeal is limited to determining whether an error of law was committed, constitutional rights were violated, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the administrative Agency Law, 2 Pa.C.S. § 704. Russell v. Workmen's Compensation Appeal Board (Volkswagen of America), 121 Pa.Cmwlth. 436, 550 A.2d 1364 (1988).
[3] The Act of June 24, 1996, P.L. 350 (Act 57) deleted the prior version of Section 423 and added a new Section 423(c), now found at 77 P.S. § 854.2.
[4] The allegation that Claimant failed to submit the bill of costs before the close of the record was not raised before the Board and is, therefore, waived on appeal here. Pa. R.A.P. 1551.
[5] Section 422(a) of the Act, 77 P.S. § 833, provides that the Board and the WCJ are not bound by the rules of evidence, that all findings must be based on sufficient competent evidence, and that all parties are entitled to a reasoned decision.