**CITY OF PHILADELPHIA, Petitioner,**

v.

**WORKERS' COMPENSATION APPEAL BOARD (DOHERTY), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 19, 1998.
Decided Aug. 10, 1998.

William C. McGovern, Philadelphia, for petitioner.

Maria Terpolilli, Philadelphia, for respondent.

Before PELLEGRINI and FRIEDMAN, JJ., and JIULIANTE, Senior Judge.

FRIEDMAN, Judge.

The City of Philadelphia (Employer) appeals from an order of the Workers' Compensation Appeal Board (WCAB): (1) affirming, as modified, the workers' compensation judge's (WCJ) decision to award Andrew Doherty (Claimant) workers' compensation benefits for disfigurement; and (2) remanding to the WCJ to determine Claimant's average weekly wage.[1]

On November 22, 1994, while in the course of his employment as a firefighter with Employer, Claimant sustained burns to his face after being splashed with battery acid. (WCJ's Findings of Fact, No. 1.) Claimant incurred no loss of wages as a result of the injury. (WCJ's Findings of Fact, No. 2.) On May 8, 1995, Claimant filed a claim peti-

---

**1.** Because the WCAB's remand to the WCJ for the purpose of calculating Claimant's average weekly wage is ministerial pursuant to Pa. R.A.P. 311(f), we will not quash Employer's appeal as interlocutory, and we will address the merits of the issues presented.

tion, seeking workers' compensation benefits for disfigurement of his face, pursuant to section 306(c)(22) of the Workers' Compensation Act (Act), 77 P.S. § 513(22).[2] (WCJ's Findings of Fact, No. 3.) Employer filed an answer denying the material allegations in Claimant's petition, and hearings were held before a WCJ. (WCJ's Findings of Fact, No. 4.)

At the initial hearing on July 27, 1995, the WCJ viewed Claimant's face and made the following observations:

a) Claimant had a triangular patch of reddish to light pink discolorations on his right cheek with one side measuring 2–1/4 inches, the other 1–1/2 inches and a 1/2 inch scar across the top (base of the triangular pattern), with scaling of these areas also noted; and

b) a group of discolored patches from the top of the bridge of the nose and in between the eyebrows and extending over but above the left eyebrow and measuring from 1/4 to 3/4 inch in width and 3/4 inch in length.

(WCJ's Findings of Fact, Nos. 5(a)-(b).) At this hearing, Employer presented the report of Theodore Katz, M.D., who believed that Claimant's burns had not had sufficient time to heal and, thus, enable the WCJ to make a determination as to the permanency and seriousness of the burns. (WCJ's Findings of Fact, No. 6.) Based on Dr. Katz's report, the WCJ placed the matter in abeyance for six months. (WCJ's Findings of Fact, No. 6.)

On April 3, 1996, a second hearing was held, during which the WCJ once again viewed Claimant's face. (WCJ's Findings of Fact, No. 7.) While sitting seven to eight feet from Claimant, the WCJ made the following observations:

a) scrape-type looking scarring under Claimant's right eye that is darker than in

July, 1995 and now of a brownish, red color; and

b) slight discoloration above the left eyebrow, but significantly less than observed on July 27, 1995.

(WCJ's Findings of Fact, Nos. 7(a)-(b).) While sitting one foot from Claimant, the WCJ made the following observations:

a) scaling noted in July 1995 was still present and was noted in areas throughout Claimant's face and did not appear to be burn related but showing as sunburn related, as such did not appear in July 1995;

b) scarring on the right cheek and below the right eye had diminished to a circular pattern the size of a quarter. Another almost insignificant patch was noted directly beneath the right eye; and

c) the discoloration seen on the bridge of the nose and between the eyebrows were [sic] no longer visible and those above the left eyebrow in July 1995 had significantly faded.

(WCJ's Findings of Fact, Nos. (8)(a)-(c).) Based on these observations, the WCJ found that the most visible scarring on Claimant's face was the quarter size discoloration on his right cheek and the very small discoloration under his right eye. (WCJ's Findings of Fact, No. 9.) The WCJ determined that these conditions appeared "to be of a permanent nature and are serious and of such character and degree as to present an unsightly appearance. This condition is not usually incident to Claimant's employment as a firefighter." (WCJ's Findings of Fact, No. 9.) The WCJ further found that the scarring above Claimant's left eyebrow is not serious, does not present an unsightly appearance and does not appear to be permanent, as evidenced by its fading during the six month period between hearings. (WCJ's Findings of Fact, No. 9.)

2. Section 306(c)(22) of the Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513(22), provides:

> **§ 513. The following schedule of compensation is hereby established:**
> For all disability resulting from permanent injuries of the following classes, the compensation shall be exclusively as follows:

. . .

(22) For serious and permanent disfigurement of the head, neck or face, of such a character as to produce an unsightly appearance, and such as is as not usually incident to the employment, sixty-six and two-thirds per centum of wages not to exceed two hundred seventy-five weeks.

Based on his observations of Claimant's face, the WCJ concluded that Claimant sustained his burden of proving: that he suffered a serious and disfiguring injury to his right cheek on November 22, 1994; that the disfigurement was not incident to his employment; and that the disfigurement presents an unsightly appearance. Thus, the WCJ granted Claimant's claim petition and, due to the extent of Claimant's disfiguring injuries and unsightly appearance from those injuries, the WCJ ordered Employer to pay Claimant fifteen weeks of benefits pursuant to section 306(c)(22) of the Act, 77 P.S. § 513(22), based upon an average weekly wage of $504.71. (WCJ's Findings of Fact, No. 2.)

Claimant appealed to the WCAB, arguing, *inter alia:* (1) that the WCJ incorrectly calculated Claimant's average weekly wage; and (2) that the WCJ's award of fifteen weeks of benefits to Claimant was inadequate. On October 1, 1996, the WCAB viewed Claimant's disfiguring injury and concluded that the WCJ's award of fifteen weeks of benefits to Claimant was below the range that most WCJs would award; thus, the WCAB modified the WCJ's order and awarded Claimant seventy-five weeks of compensation benefits. Further, the WCAB concluded that Employer may have provided inaccurate information regarding Claimant's average weekly wage and, thus, remanded the case to the WCJ for the limited purpose of determining Claimant's average weekly wage and compensation rate for his injury. Employer now appeals to this court.[3]

Employer first argues that the WCAB erred in remanding the case to the WCJ to calculate Claimant's average weekly wage because the record contains substantial evidence to support the WCJ's finding that Claimant's average weekly wage, prior to his injury, was $504.71. On the other hand, Claimant contends that a remand is necessary to determine if the average weekly wage

computation of $504.71 includes overtime wages. We agree with Claimant.

■ Pursuant to section 419 of the Act, 77 P.S. § 852, the WCAB may remand a case to the WCJ when the WCJ fails to make a finding on a crucial issue necessary for the proper application of the law, and, where the WCAB determines that the findings of fact are so inadequate that proper review is impossible, a remand to the WCJ is the proper procedure. *Workmen's Compensation Appeal Board v. Burke–Parsons Bowlby Corp.,* 25 Pa.Cmwlth. 498, 359 A.2d 855 (1976). Here, at the April 3, 1996 hearing before the WCJ, Employer submitted a statement of wages into evidence, indicating that Claimant's average weekly wage was $504.71. (R.R. at 52a.) Employer's counsel, however, was not certain if the statement of wages included wages that Claimant earned working overtime.[4] Moreover, because Employer did not provide Claimant's counsel with the statement of wages prior to the hearing, Claimant's counsel did not have the opportunity to verify the accuracy of the statement of wages. (R.R. at 44a.) Because it is unclear whether the $504.71 calculation includes Claimant's overtime wages, the WCAB did not err in remanding to the WCJ for the limited purpose of calculating Claimant's average weekly wage; thus, we affirm that portion of the WCAB's order.

■ Employer next argues that the WCAB erred in modifying the WCJ's award of benefits, increasing Claimant's period of entitlement from fifteen weeks to seventy-five weeks, because the WCAB provides no explanation or rationale to justify its modification. We agree.

■ In *Hastings Industries v. Workmen's Compensation Appeal Board (Hyatt),* 531 Pa. 186, 611 A.2d 1187 (1992), our supreme court held that a WCJ's translation of the visual impact of a disfigurement into a monetary award involves a legal element which is subject to review by the WCAB on the basis

3. Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed or whether there is substantial evidence in the record to support the findings of fact. *City of Erie v. Workmen's Compensation Appeal Board (Shan-*

*non),* 147 Pa.Cmwlth.210, 607 A.2d 327 (1992), *aff'd,* 534 Pa. 263, 631 A.2d 595 (1993).

4. It is undisputed that Claimant works overtime as a firefighter for Employer. (R.R. at 18a.)

of the WCAB's own view of a claimant's visage. If the WCAB concludes, upon viewing a claimant's disfigurement, that the WCJ entered an award significantly outside the range most WCJs would select, the WCAB may modify the award as justice requires. *Id.; LTV Steel Company, Inc. v. Workmen's Compensation Appeal Board (Rosato)*, 156 Pa.Cmwlth. 374, 627 A.2d 285 (1993). Permitting this scope of review by the WCAB serves the salutary end of promoting a reasonable degree of uniformity in disfigurement awards. *Hastings Industries.*

Here, upon viewing Claimant's disfiguring injury, the WCAB concluded "that the WCJ's award is below the range for which most WCJ's [sic] would award compensation" and, thus, modified the WCJ's award from fifteen weeks of compensation to seventy-five weeks of compensation for that injury. (WCAB's September 30, 1997 op. at 5.) The WCAB, however, failed to justify or explain its decision to increase the WCJ's award. It would appear that, upon viewing Claimant's face, the WCAB did not dispute the observations made by the WCJ concerning the seriousness of Claimant's scarring,[5] and, thus, the WCAB could modify the WCJ's award only if it were outside the range that most WCJs would select. *Hastings Industries.* Here, however, the WCAB failed to indicate what range is acceptable under these circumstances, what most WCJs would award within that range or how the WCAB reached its conclusion that most WCJs would award greater compensation.[6] Although the WCAB has authority to modify the WCJ's award, that authority is not unlimited, *In re Pesognelli's Restaurant Liquor License*, 191 Pa.Super. 320, 156 A.2d 540 (1959), and without any explanation for the WCAB's decision, we can-

not conduct meaningful review of that modification. Thus, we must vacate that portion of the WCAB's order that modifies the WCJ's award from fifteen weeks to seventy-five weeks and remand to the WCAB to provide an explanation justifying this modification.

Accordingly, for the reasons stated herein, we affirm the order of the WCAB in part and vacate and remand in part.

*ORDER*

AND NOW, this 10th day of August, 1998, the order of the Workers' Compensation Appeal Board (WCAB), dated September 30, 1997, is hereby affirmed to the extent that it remands to the workers' compensation judge (WCJ) to determine Andrew Doherty's average weekly wage, and vacated to the extent that it modifies the WCJ's award from fifteen weeks of compensation to seventy-five weeks. Further, the case is remanded to the WCAB for disposition consistent with this opinion.

Jurisdiction relinquished.

---

5. The amount of an award in a disfigurement case is a mixed question of fact and law. *Hastings Industries.* The factual element involves determining whether the evidence supports the WCJ's description of the seriousness of the claimant's disfiguring injury; the legal element involves determining whether the WCJ's award of compensation benefits to the claimant is within the range that most WCJs would award. *See id.*

6. In *Hastings Industries*, a WCJ viewed the claimant's disfigurement and awarded the claimant 17 weeks of compensation. On appeal, the WCAB viewed the claimant's injury and held

that, although the WCJ's description of the scarring was accurate, the WCJ's award of 17 weeks of compensation was not within the range that most WCJs would award. The WCAB therefore amended the award to provide compensation of 50 weeks, stating that the increase was necessary to achieve uniformity among the WCJs of Pennsylvania. In reaching this conclusion, the WCAB indicated that the claimant's scar, as described by the WCJ, "would have been a 40(low) to 60 (high) week scar by a preponderance of the [WCJs] of Pennsylvania." *Hastings Industries*, 531 Pa. at 192, 611 A.2d at 1190.