**PHILADELPHIA GAS WORKS,**
Petitioner,

v.

**WORKERS' COMPENSATION**
**APPEAL BOARD (Camacho),**
Respondent.

Commonwealth Court of Pennsylvania.

Argued March 3, 2003.

Decided March 28, 2003.

Benjamin Rose, Philadelphia, for petitioner.

Mark Jaffe, Philadelphia, for respondent.

Before SMITH–RIBNER, J., SIMPSON, J., McCLOSKEY, Senior Judge.

OPINION BY Judge SIMPSON.

Philadelphia Gas Works (Employer) petitions for review of the decision of the Workers' Compensation Appeal Board (Board) that affirmed with modification the Workers' Compensation Judge's (WCJ) decision awarding 180 weeks of compensation to Dean Camacho (Claimant) under Section 306(c)(22) of The Pennsylvania Workmen's Compensation Act (Act).[1] The benefits were for facial scarring Claimant suffered as the result of a gas explosion. We reverse the Board's modification.

In January 1994, Claimant suffered second and third degree burns on his hands, foot, back, and face when he was involved in an explosion. Employer filed a notice of compensation payable acknowledging Claimant's injuries. Subsequently, Claimant filed a claim petition alleging the explosion caused permanent disfigurement to his face.

More than seven years after the explosion, the WCJ held a hearing, and Claimant testified about the circumstances of the explosion. The WCJ described Claimant's scarring on the record, stating:

> The scarring goes from the right end of the eye to his chin with scarring all the way on the left side and upward left side. The scar contracts in the middle that [sic] discolors the chin. But the main scar under the lip goes ... two inches ... under the lip. The other scarring is the nose. The skin is flattened out over the nose, and flaps back over the nose, scarring on both sides and discoloration. The forehead scar-

ring has been revised surgically, but discoloring throughout the whole forehead on the right eyebrow. There's a scar from the end point of the eyebrow down to the eye measuring maybe half an inch. There's also the scarring on both ears ... in the back of the ear and part of the ear is completely missing and both ears are curled up.

WCJ Op. at 3; Finding of Fact (F.F.) # 6. The WCJ noted that "in his almost six yeas [sic] on the bench, this is the worst disfigurement he has viewed, in that it appears the gas explosion and fumes actually melted Claimant's skin features." WCJ Op. at 6; F.F. # 19(e).

The WCJ found that Claimant's disfigurement was caused by an industrial injury, was serious and permanent, caused an unsightly appearance, and was not usually incident to Claimant's employment. He concluded that the injury was compensable and that Claimant was entitled to 180 weeks of compensation.

■ Both parties appealed to the Board. After viewing Claimant's disfigurement, the Board's modified the WCJ's decision. The entire relevant discussion of the Board follows:

> Furthermore, we have read the Judge's description of the scar in Finding of Fact No. 6. The description is accurate and we have determined that the range most judges would award is *between 180 and 220 weeks.* We therefore modify the Judge's Decision to award Claimant 200 weeks of disfigurement benefits.

Board Op. at 5 (emphasis added). Employer filed a petition for review with this Court.[2]

**1.** Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(22). This section provides compensation "[f]or serious and permanent disfigurement of the head, neck or face, of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment, sixty-six and two-

thirds per centum of wages not to exceed two hundred seventy-five weeks."

**2.** This Court's review of a Board's decision is limited to determining whether an error of law was committed, findings of fact were supported by substantial evidence or constitu-

Employer presents two issues for our review. First, it argues that the Board did not have the authority to modify an award of benefits not significantly outside the appropriate range. Second, it asserts that the Board failed to provide adequate reasoning to justify its determination of the range most WCJs would award.

In *Hastings Indus. v. Workmen's Comp. Appeal Bd. (Hyatt)*, 531 Pa. 186, 611 A.2d 1187 (1992), our Supreme Court addressed the role of the Board in disfigurement cases. *Hastings Indus.* involved a claimant who was severely scarred in an explosion. The WCJ awarded the claimant 17 weeks of compensation. On appeal, the Board, after viewing the claimant's disfigurement, held that despite the WCJ's accurate description of the injury, he capriciously disregarded competent evidence. Accordingly, the Board increased the compensation period to 50 weeks. It determined that the WCJ's 17 week award was significantly less than what most WCJ's in the Commonwealth would have provided. Our Supreme Court, emphasizing the need for uniformity in disfigurement cases, held:

> [A] referee's compensation award in a disfigurement case is not purely a question of fact ... if the WCAB concludes, upon a viewing of a claimant's disfigurement, that the referee capriciously disregarded competent evidence by entering an award *significantly outside* the range most referees would select, the WCAB may modify the award as justice may require.

*Hastings Indus.*, 531 Pa. at 192, 611 A.2d at 1190 (emphasis added). *See also City of Philadelphia v. Workers' Comp. Appeal Bd. (Doherty)*, 716 A.2d 704 (Pa.Cmwlth. 1998).

Employer argues that the Board erred in modifying the WCJ's decision, because the award was not "significantly outside" the range most WCJs would award. This argument is consistent with the language of our Supreme Court's holding in *Hastings Indus.*

 Here, the WCJ's award of benefits for 180 weeks was not significantly outside the "between 180 and 220 weeks" range described by the Board. An award significantly outside this range is a necessary precondition to a determination that the WCJ capriciously disregarded statewide disfigurement awards. Concomitantly, an award significantly outside this range is a necessary precondition to a modification of a WCJ's award for disfigurement. Although we sympathize with the severity of Claimant's scarring, we are aware of no legal authority to support the Board's modification here.[3]

Accordingly, we reverse the Board's decision modifying the WCJ's award and reinstate the WCJ's December 14, 2001, order.

Judge SMITH–RIBNER dissents.

### ORDER

AND NOW, this 28th day of March, 2003, the decision of the Workers' Compensation Appeal Board is reversed and the Workers' Compensation Judge's December 14, 2001 order is reinstated.

---

tional rights were violated. Administrative Agency Law, 2 Pa.C.S. § 704; *Vinglinsky v. Workmen's Comp. Appeal Bd. (Penn Installation)*, 139 Pa.Cmwlth.15, 589 A.2d 291 (1991).

**3.** Because we find that the Board did not have the authority to modify the WCJ's order in this case, we decline Employer's invitation to address the adequacy of the Board's reasoning in its decision.