GENERAL MOTORS CORPORATION, Petitioner,

v.

WORKERS' COMPENSATION APPEAL BOARD (McHugh), Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 21, 2003.

Decided March 23, 2004.

S. Todd Renner and P. Ronald Cooper, Pittsburgh, for petitioner.

Richard S. Belkin, Pittsburgh, for respondent.

BEFORE: FRIEDMAN, J., COHN, J., and McCLOSKEY, Senior Judge.

OPINION BY Judge FRIEDMAN.

General Motors Corporation (Employer) petitions for review of the April 9, 2003, order of the Workers' Compensation Appeal Board (WCAB), which affirmed the decision of the workers' compensation judge (WCJ) to grant Donald P. McHugh, Jr.'s (Claimant) claim petition for permanent disfigurement but modified the decision to increase the award of workers' compensation benefits from fifteen weeks to fifty-five weeks. We affirm.

On January 21, 2000, Claimant sustained a work-related injury when he was struck in the face by a steel pipe. (WCJ's Findings of Fact, No. 2; R.R. at 9a.) On January 23, 2002, Claimant filed a claim petition, seeking compensation for permanent disfigurement of his face. (WCJ's Findings of Fact, No. 1; R.R. at 1a.) On March 4, 2002, the WCJ held a hearing, at which time he personally observed the affected areas. The WCJ made the following findings:

> As a result of the incident of January 21, 2000, the [C]laimant has three areas of disfigurement on his face. The first is at the corner of the right nostril, the second is in the area of the right eyebrow, and the third is the structure of the nose itself.

> The [C]laimant has a scar at the corner of his right nostril which begins inside the nostril, and then loops around to the outside. It is approximately three-quarters of an inch long, and no more than one-sixteenth of an inch wide. There are no obvious stitch marks along the side of this scar, but it does appear to have a slightly indented look, particularly in profile. This scar is much more observable in profile than it is in frontal view.

> The [C]laimant also has a scar which begins just below the right eyebrow, and runs up into the eyebrow. This scar begins around the nose area, and runs up towards the center of the eyebrow. It is slightly more than one-half inch in length, and again, no more than one-sixteenth of an inch wide. However, this scar has a very indented appearance, in that it almost looks like a crease in the skin. In addition, in the middle of the crease there are indentations, which are slightly redder than the surrounding area. Again, I did not observe any suture marks to either side of this scar.

> When standing approximately four to five feet from the claimant, both areas are still observable. Again, the one at the nostril, [sic] is much more observable in profile than it is frontal. The one around the eyebrow is very noticeable, particularly the discoloration. It looks much more red or darker at a distance than it does up close under the lights.

> As to any alteration in the structure of the [C]laimant's nose, I find that it is minimis. There is a slight bumping area which goes almost from the bridge of the nose down towards the tip. It is just a half moon arch. It does appear to be sticking out slightly to the left side, but again, not to any great extent.

(WCJ's Findings of Fact, No. 3.) For this disfigurement, the WCJ awarded a total of

fifteen weeks of benefits.[1]

Claimant appealed to the WCAB. Based upon the record and its view of Claimant, the WCAB determined that the award was inadequate because it was below the range of what most WCJs would award in similar cases. Consequently, the WCAB modified the WCJ's award, increasing it from fifteen weeks to fifty-five weeks of benefits. Employer now petitions this court for review of the WCAB's order,[2] arguing that the WCAB erred in increasing the WCJ's award.

■ Employer points out that the WCAB agreed with the WCJ's description of Claimant's disfigurement but, nevertheless, disagreed with the WCJ's finding regarding the visual impact of that disfigurement.[3] Consequently, Employer argues that the WCAB's award is improperly inconsistent. We cannot accept Employer's argument.

■ The fact that the WCAB accepted the WCJ's description of Claimant's disfigurement does not preclude the WCAB from making an award different from that of the WCJ. In *Hastings Industries v. Workmen's Compensation Appeal Board (Hyatt)*, 531 Pa. 186, 611 A.2d 1187 (1992), our supreme court held that a WCJ's translation of the visual impact of disfigurement into a monetary award involves a legal element which is subject to review by the WCAB on the basis of the WCAB's own view of the claimant's visage. In permitting such a scope of review, our supreme court reasoned that it is the physical appearance of the claimant and the unsightliness of the disfigurement which constitutes the evidence considered by a WCJ, and, while a WCJ's detailed written description of such evidence is helpful, it is inadequate to preserve the evidence visually perceived by a WCJ. *Id.* Consequently, if the WCAB, upon viewing a claimant's disfigurement, concludes that the WCJ entered an award significantly outside the range most WCJs would select, the WCAB may modify the award as justice requires. *Id.* Thus, in reviewing a WCJ's award for disfigurement, the WCAB may agree with the WCJ's written description of the disfigurement and, yet, still must translate the visual impact of the claimant's disfigurement into a monetary award based on the WCAB's own view of the claimant's visage. That is precisely what the WCAB did here.

■ Nevertheless, Employer asserts that it actually is the WCAB's award, not the WCJ's award, that is outside the range of what most WCJs would award in a similar disfigurement case. Specifically, Employer maintains that, based on the only guide known to it on this matter,[4] the

---

1. The WCJ awarded: six weeks for the scar around the right nostril; seven weeks for the scar above the right eyebrow; and two weeks for the alteration of the structure of Claimant's nose. (WCJ's Findings of Fact, No. 4.)

2. Our scope of review is limited to determining whether constitutional rights were violated, whether the adjudication is in accordance with the law and whether the necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

3. Employer points out that the WCJ awarded seven weeks for the scar on Claimant's right

eyebrow and six weeks for the scar around Claimant's right nostril, while the WCAB awarded three to five weeks for the scar above Claimant's right eyebrow and fifteen to twenty-five weeks for the scar around Claimant's right nostril. Based on these figures, Employer maintains that the WCJ concluded that the scar on Claimant's right eyebrow has a greater visual impact than the scar on Claimant's right nostril, whereas the WCAB concluded that the scar on Claimant's right nostril has the greater visual impact.

4. Employer relies on David B. Torrey and Andrew Greenberg, West's Pennsylvania Practice, Workers' Compensation: Law and

"rule of thumb" is that WCJs in western Pennsylvania award compensation at ten weeks per inch in a standard linear scar case. Therefore, Employer argues that, where the record indicates that Claimant's scars do not exceed 1.25 inches in length, the WCAB's award of fifty-five weeks of benefits was in error, even recognizing that a portion of the award is attributable to an alteration of the nose. Again, we disagree.

█ This "rule of thumb" simply is an observation, and the mere fact that it is contained in a treatise on workers' compensation law certainly does not give the "rule of thumb" precedential value. It is the WCAB's duty to enter an award, based on its experience, that is reasonably uniform with awards in similar disfigurement cases throughout Pennsylvania. *Hastings; see also City of Philadelphia v. Workers' Compensation Appeal Board (Doherty),* 716 A.2d 704 (Pa.Cmwlth.1998). In doing so, the WCAB performs the valuable function of promoting uniformity in disfigurement awards throughout Pennsylvania, *Hastings,* and a "rule of thumb" which appears to be a concept that is local in nature, i.e., western Pennsylvania, and that is limited to standard linear scar cases does not further this goal of uniformity.

Finally, Employer points out that the WCAB's authority to modify a WCJ's award is not unlimited; in fact, Employer maintains that, under *Doherty,* the WCAB must adequately explain how it reached its conclusion that most WCJs would award greater compensation in a similar disfigurement case. Employer argues that, like the WCAB in *Doherty,* the WCAB here did not satisfy this requirement. Further, Employer points out that the WCAB failed to indicate the basis, whether written or otherwise, for its decision, and Employer asks this court for "some type of written guidance in disfigurement cases." (Employer's brief at 16; *see also* Employer's brief at 15.)

█ We agree that the WCAB must provide an adequate explanation for any modification of a WCJ's award so that we may conduct meaningful review. *Doherty.* However, we disagree with Employer that this case is like the situation presented in *Doherty,* where the WCAB failed to justify its modification of benefits.[5] To the contrary, here, the WCAB adequately explained its decision. Based upon the WCAB's observations of Claimant and the record in the case, the WCAB indicated the range of acceptable awards [6] and adjusted Claimant's award accordingly.

Practice, § 5:175, p. 681 (2002). (Employer's brief at 10.)

5. In *Doherty,* a firefighter sustained burns to his face after being splashed with battery acid. The WCJ granted the claimant fifteen weeks of benefits. On appeal to the WCAB, the WCAB concluded that the WCJ's award was below the range that most WCJs would award; consequently, the WCAB modified the WCJ's order and awarded the claimant seventy-five weeks of benefits. On appeal to this court, the employer argued that the WCAB erred by failing to provide any explanation or rationale to justify its modification. We agreed. Noting that the WCAB, upon viewing the claimant, did not dispute the WCJ's observations concerning claimant's scarring, we

held that the WCAB could modify the WCJ's award only if it were outside the range that most WCJs would select. We then concluded that we could not conduct meaningful review of the WCAB's modification because the WCAB failed to indicate what range was acceptable under the circumstances, what most WCJs would award within that range or how the WCAB reached its conclusion that most WCJs would award greater compensation. Accordingly, we vacated the portion of the WCAB's order which increased the WCJ's award, and we remanded the matter to the WCAB to explain its modification.

6. Specifically, the WCAB stated that most WCJs would award compensation in a range from three to five weeks for the right eye-

By using its experience, the WCAB performs the valuable function of promoting uniformity in disfigurement awards throughout Pennsylvania, *Hastings,* and the fact that the WCAB did not refer to written guidelines as a basis for its award is not grounds for reversal. Indeed, as Employer recognizes, there are no binding written guidelines prescribing specific periods of compensation for each type of disfigurement, and we decline Employer's invitation to prescribe such periods or to offer any additional guidance on this issue as such is a matter within the province of our legislature.

Accordingly, for the foregoing reasons, we affirm the WCAB's order.

### ORDER

AND NOW, this 23rd day of March, 2004, the order of the Workers' Compensation Appeal Board, dated April 9, 2003, is hereby affirmed.

brow, fifteen to twenty-five weeks for the scar on Claimant's right nostril and twenty-five to thirty-five weeks for the alteration of the structure of Claimant's nose. The WCAB could have been more precise in explaining exactly what number it chose within those ranges; however, this deficiency does not prevent us from conducting appellate review. Based on these ranges, the WCAB apparently "split the baby," choosing the middle of the range for the disfigurement to the right nostril (i.e., twenty weeks based on a range of fifteen to twenty-five weeks) and the alteration to the nose (i.e., thirty weeks based on a range of twenty-five to thirty-five weeks) and the high end (i.e., five weeks based on a range of three to five weeks) for the disfigurement to the right eyebrow. Taking all of Claimant's disfigurements together, the WCAB determined that most WCJs would award forty-three to sixty-five weeks of compensation. The WCAB's award of fifty-five weeks of compensation is consistent with that determination.