**DPW/NORRISTOWN STATE HOSPITAL, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (REICHERT), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 13, 2004.

Decided Sept. 28, 2004.

Jeffrey D. Snyder, Philadelphia, for petitioner.

Patrick R. Vitullo, Plymouth Meeting, for respondent.

BEFORE: COLINS, President Judge, FRIEDMAN, Judge, and JIULIANTE, Senior Judge.

OPINION BY Senior Judge JIULIANTE.

The Department of Public Welfare/Norristown State Hospital (Employer) petitions for review of the May 3, 2004 order of the Workers' Compensation Appeal Board (Board) that: (1) affirmed the order of the Workers' Compensation Judge (WCJ) to the extent that it granted a claim petition filed on behalf of Ann Reichert (Claimant), (2) modified the WCJ's award of disfigurement benefits from 5 weeks to 75 weeks and (3) granted Employer's termination petition. Also before the Court for disposition is Employer's motion for an evidentiary hearing under Pa. R.A.P. 3731 for the purpose of viewing Claimant's scar and Claimant's request for counsel fees under Pa. R.A.P. 2744. We deny both requests and affirm the order of the Board.

On September 9, 2001, while working for Employer as a forensic security employee, Claimant sustained a compensable injury after being attacked and thrown against a wall by a mentally incompetent adult patient. Pursuant to a notice of compensation payable, Employer began paying Claimant $379.79 per week in temporary total disability payments for a low back injury.

Employer subsequently filed a termination petition alleging that Claimant had fully recovered from her back injury as of January 31, 2002. In addition, Claimant filed a claim petition alleging that she sustained facial disfigurement as a result of the September 9, 2001 incident. Employer filed an answer denying Claimant's allegations.

The WCJ accepted as credible Claimant's testimony regarding the September 9, 2001 attack. Claimant testified that two female patients were fighting in the shower and that one of them had to be restrained. Claimant, assisted by a nurse, began to walk the patient out of the room when the patient turned around and hit Claimant. She further testified that she was knocked across the room and that her face had been cut by either a key or the patient's finger.

The WCJ personally observed the scar on the left side of Claimant's face. In Finding of Fact No. 6, the WCJ described Claimant's disfigurement as a "noticeable line two and three-quarters inches long, running from the top of [Claimant's] ear down to the bottom of her chin." WCJ's Decision at 2. The WCJ also observed that the coloring of the scar is different from the surrounding skin and he accepted as credible Claimant's testimony that the skin texture of the scar is rough.

Hence, the WCJ found that as a result of the September 9, 2001 attack, Claimant sustained permanent disfigurement which is unsightly and not incident to her employment with Employer. Consequently, the WCJ granted Claimant's claim petition and awarded her five weeks of benefits in the amount of $379.79 per week with statutory interest. The WCJ also accepted Employer's medical evidence regarding Claimant's recovery from her back injury and granted Employer's termination petition effective January 31, 2002.

Claimant appealed to the Board, which affirmed the WCJ's grant of Employer's termination petition, but modified the WCJ's award of disfigurement benefits from 5 weeks to 75 weeks. In its decision, the Board stated:

> We have viewed the disfigurement at issue and we accept the Judge's description of the scar. However, we have determined that the Judge capriciously disregarded evidence by entering an award significantly outside the range most judges would select. Based on the location, size and discoloration of Claimant's work-related scar, we believe that most judges would award between 65 and 85 weeks of benefits. To bring the Judge's award within the range most judges would award, we will modify the Judge's award to 75 weeks of benefits. [*Hastings Indus. v. Workmen's Compensation Appeal Board (Hyatt)*, 531 Pa. 186, 611 A.2d 1187 (1992)].

Board's Decision at 5.

■ Employer's petition for review to this Court followed. On review, we are limited to determining whether the necessary findings of fact are supported by substantial evidence, whether errors of law were made, or whether constitutional rights were violated. *Philadelphia Gas Works v. Workers' Compensation Appeal Board (Camacho)*, 819 A.2d 1230 (Pa. Cmwlth.2003).

### I.

■ Employer contends that the Board erred by increasing the WCJ's award of disfigurement benefits by approximately 1400% given the lack of articulation of the basis for the reported range for scarring of that type and severity. In support of its position, Employer cites *Lord & Taylor v. Workers' Compensation Appeal Board*

*(Bufford)*, 833 A.2d 1223 (Pa.Cmwlth.2003), where this Court determined that where the Board modifies a WCJ's award of benefits in a disfigurement case, the Board must state precisely the disfigurement covered by the award and the range of awards most WCJs would select for that disfigurement. We also stated in *Lord & Taylor* that the Board should offer some explanation as to how it arrived at its determination of the range of awards that most WCJs would select in that particular case.

Specifically, Employer contends that the Board did not adequately explain the basis for its determination of the range of awards for disfigurements of this type. Employer points out that the WCJ's award in the present case is the only actual award cited by the Board. Therefore, Employer requests that we vacate the Board's order and remand in order for the Board to adequately explain the range of benefits it has chosen for Claimant's scar.

In response, Claimant contends that the Board's decision in the case *sub judice* provides a sufficient explanation for the modification of the WCJ's award. In support of her position, Claimant cites *General Motors Corp. v. Workers' Compensation Appeal Board (McHugh)*, 845 A.2d 225 (Pa.Cmwlth.2004), where we determined that the Board adequately explained its modification of a disfigurement award where the Board stated that most WCJs would award compensation within a certain range for that type of scar. In particular, we noted that the Court was able to conduct a meaningful review of the Board's award because the Board had indicated in its decision what range of benefits was acceptable under those particular circumstances.[1]

---

1. In *General Motors,* this Court noted that in

*City of Philadelphia v. Workers' Compensation*

Moreover, this Court did not impose a requirement that the Board specifically cite other WCJ or Board awards in cases with similar disfigurements. Rather, we noted in *General Motors* that it is the Board's duty to promote reasonable uniformity in disfigurement awards throughout the state and that in an attempt to do so, the Board may rely on its own expertise. With regard to establishing specific guidelines for disfigurement awards, we recognized that "there are no binding written guidelines prescribing specific periods of compensation for each type of disfigurement, and *we decline [the employer's] invitation to prescribe such periods or to offer any additional guidance on this issue as such is a matter within the province of our legislature.*" *Id.* at 230 (emphasis added).

In the present case, after viewing Claimant's scar, the Board accepted the WCJ's description of it as "a noticeable line two and three-quarters inches long, running from the top of Claimant's ear down to the bottom of her chin. (N.T., 09/23/02, p. 8)." Board's Decision at 4. The Board further noted that the WCJ found that "the skin texture is rough, and [that the WCJ] observed that the coloring is different from the surrounding skin. (N.T., 09/23/02, p. 9)." *Id.*

The Board then stated that "[b]ased on the location, size and discoloration of Claimant's work-related scar, we believe that most judges would award between 65 and 85 weeks of benefits." *Id.* at 5. The

Board then modified the award to 75 weeks of benefits. Essentially, the Board took the same approach as it did in *General Motors* and "split the baby" by choosing the middle of the range of benefits that a preponderance of WCJs would award. In accordance with our decision in *General Motors,* we conclude that the Board in the case at bar stated adequate reasons for its modification of the WCJ's award.

## II.

■ Also before this Court for disposition is Employer's motion for an evidentiary hearing under Pa. R.A.P. 3731 in order for this Court to view Claimant's scar. Employer contends in its motion that this Court has *de novo* jurisdiction regarding the value to be assigned to Claimant's scar and that the Court may order an evidentiary hearing if necessary.

Initially, we note that unlike the Board's scope of review,[2] our review in disfigurement cases is limited to an appellate review of whether the findings of fact are supported by substantial evidence, whether an error of law was committed or whether constitutional rights were violated.[3] *See Philadelphia Gas Works.* In view of the fact that this Court has no *de novo* jurisdiction to view scars in workers' compensation disfigurement cases, Employer's motion for an evidentiary hearing is denied.

Appeal Board (Doherty), 716 A.2d 704 (Pa. Cmwlth.1998), the Court concluded that meaningful appellate review was not possible where the Board failed to indicate what range was acceptable under those circumstances and what most WCJs would award within that range.

2. As discussed above, in *Hastings Indus.* the Supreme Court recognized that the Board may conduct its own view of the claimant's

disfigurement and modify the award as justice requires in order to promote a reasonable degree of uniformity in disfigurement awards.

3. In addition to the description given by the WCJ and accepted by the Board, Claimant introduced into evidence color photographs of her scar. *See* Claimant's Exhibit No. 4. As such, an evidentiary hearing would have been unwarranted in any event.

### III.

We will now address Claimant's request for counsel fees under Pa. R.A.P. 2744 on the basis that Employer's appeal is frivolous because it raises no valid issues and merely asks that this Court reweigh the evidence.[4] An award of counsel fees under Pa. R.A.P. 2744 falls within the discretion of this Court. *Newcomer Prods. v. Workers' Compensation Appeal Board (Irvin)*, 826 A.2d 69 (Pa.Cmwlth.2003).

In *City of Philadelphia, Risk Mgmt. Div. v. Workmen's Compensation Appeal Board (Harvey)*, 690 A.2d 1293 (Pa. Cmwlth.1997), this Court denied a request for counsel fees in a disfigurement case on the ground that the case was close and involved personal judgments. In the present case, the Board modified the WCJ's award from 5 weeks of benefits to 75 weeks of benefits. As Employer points out, this constituted a substantial increase in benefits.

In addition, Employer primarily relied on our decision in *Lord & Taylor*, wherein this Court stated that "the Board should offer some explanation as to how it arrives at its determination of the range of awards that most judges would select in a particular case." 833 A.2d at 1226. As discussed above, we have concluded here that the Board adequately explained its modification by describing Claimant's disfigurement and the high and low range of what most WCJs would award under those circumstances. *General Motors*. Nevertheless, we do not believe that Employer's interpretation of the language in *Lord & Taylor*, *i.e.*, that other WCJ awards in that range must be cited, is so unreasonable as to warrant an award of counsel fees for a frivolous appeal under Pa. R.A.P. 2744. Therefore, Claimant's request for an award of counsel fees is denied.

In view of the foregoing, the order of the Board is affirmed.

### ORDER

AND NOW, this 28th day of September, 2004, for the reasons stated in the foregoing opinion, the May 3, 2004 order of the Workers' Compensation Appeal Board is hereby AFFIRMED. Petitioner's Motion for an Evidentiary Hearing to View Respondent Reichert's Scar is DENIED. Respondent Reichert's Request for Counsel Fees under Pa. R.A.P. 2744 is also DENIED.

---

4. Claimant has submitted an itemized *quantum meruit* counsel fee bill for $4,140.00 based on 18 hours of work at $230.00 per hour.