**CITY OF PITTSBURGH, Petitioner**

v.

**WORKERS' COMPENSATION APPEAL BOARD (McFARREN), Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Jan. 4, 2008.
Decided June 4, 2008.

Kimberly A. Rossman, Pittsburgh, for petitioner.

Herbert B. Cohen, Pittsburgh, for respondent.

BEFORE: SMITH–RIBNER, Judge, SIMPSON, Judge, and FLAHERTY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

The City of Pittsburgh (Petitioner) petitions the Court for its review of the August 8, 2007 order of the Workers' Compensation Appeal Board (Board) increasing the Workers' Compensation Judge's (WCJ) award to James McFarren (McFarren) for his disfigurement pursuant to Section 306(c)(22) of the Workers' Compensation Act (Act).[1] The question presented is whether the Board's decision to increase McFarren's disfigurement award from six weeks to thirty-five weeks is supported by substantial evidence and demonstrates an abuse of its discretion when the scar is minimally disfiguring and the WCJ's description of the scar does not support the level of award granted by the Board.[2]

On April 15, 2004, McFarren, a firefighter for the City of Pittsburgh, sustained an accidental neck injury while climbing into his truck after fighting a fire. McFarren underwent surgery for an anterior cervical discectomy fusion at C5–C6 with bone graft and instrumentation. Two years later, McFarren filed a claim petition for specific loss benefits for disfigurement under Section 306(c)(22) of the Act. Following a hearing on November 9, 2006, the WCJ issued a decision in which she found that on April 15, 2004 McFarren suffered a work-related injury that left a serious and permanent scar on the left side of his neck, producing an unsightly appearance. The WCJ also found that the injury is not usually incident to McFarren's employment as a firefighter and therefore is compensable. The WCJ personally observed McFarren's scar and described it in Finding of Fact 3:

> Claimant has a scar on the left side of his neck. The scar is in the creased area of his neck. It is approximately one and one-half (1½) inches in length. The last one-half (1/2) inch of the scar is not noticeable as it is in the Claimant's natural crease of his neck. The scar is slightly indented. The first one-inch (1″) of the scar is slightly lighter than the rest of the skin on Claimant's neck.

The WCJ found that McFarren's average weekly wage of $1686.91 generated a compensation rate of $690 per week and awarded him six weeks of compensation benefits for the disfigurement.

McFarren appealed to the Board claiming that the WCJ's award was significantly lower than what other WCJs would award for a similar scar. In its August 8, 2007 decision, the Board agreed with McFarren and increased the award. It noted that the Act authorizes an award of specific loss benefits "for serious or permanent disfigurement of the head, neck or face, of such a character as to produce an unsightly appearance[.]" Board's Decision, p. 2.

---

1. Act of June 2, 1915, P.L. 736, *as amended*, 77 P.S. § 513(22). Section 306(c)(22) provides for the following compensation:

    For serious and permanent disfigurement of the head, neck or face, of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment, sixty-six and two-thirds per centum of wages not to exceed two hundred seventy-five weeks.

2. The Court's review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed or whether the findings of fact are supported by substantial evidence. *Lord & Taylor v. Workers' Compensation Appeal Board (Bufford)*, 833 A.2d 1223 (Pa.Cmwlth.2003).

Citing *General Motors Corp. v. Workers' Compensation Appeal Board (McHugh)*, 845 A.2d 225 (Pa.Cmwlth.2004), the Board stated that it had the power to review and modify WCJ awards to ensure uniformity without being bound by any "rule of thumb," but it acknowledged that it was required to give an explanation for the modification. The Board viewed McFarren's scar for its location, length, appearance and overall severity and accepted the WCJ's description of the scar. The Board determined that most WCJs would award between thirty to forty weeks of compensation benefits for the scar and concluded that the WCJ erred by entering an award below that range. The Board therefore increased the award to thirty-five weeks.

Petitioner argues that the Board's decision to increase the award is not supported by substantial evidence. Asserting that the disfigurement was nominal and is barely noticeable even at close range, Petitioner points out that a third of the scar is blended into the natural crease of the neck. Petitioner also notes that a rule of thumb for a disfigurement award involving cervical discectomy is up to twenty-five weeks of compensation. It argues that nothing in the record supports an award of over $24,000 for a scar that was accepted by the Board to be slight in its visual impact. Petitioner further argues that the Board, who accepted the WCJ's findings, abused its discretion in increasing sixfold the WCJ's award.

McFarren responds that the amount of an award due on any particular disfigurement is a question of law. *Hastings Indus. v. Workmen's Compensation Appeal Board (Hyatt)*, 531 Pa. 186, 611 A.2d 1187 (1992). He cites *Hastings* for the principle that the Board may, upon its own view of the *scar*, either increase or decrease a disfigurement award even when the WCJ describes the disfigurement in detail for the record. He also cites memorandum opinions of the Court to support his position, but they will not be considered. *See* 210 Pa.Code § 67.55.

Section 306(c)(22) of the Act provides for specific loss benefits for disfigurement of the face, neck and head. The Board's authority to review and to modify WCJ awards, however, is limited in its scope. *City of Philadelphia v. Workers' Compensation Appeal Board (Doherty)*, 716 A.2d 704 (Pa.Cmwlth.1998). In *Hastings* the Pennsylvania Supreme Court allowed the Board limited authority to review the amount of WCJ awards for disfigurement in order to promote uniformity in the awards throughout the state. The Supreme Court noted that evidence of the physical appearance of a claimant and the unsightliness of the disfigurement are difficult to preserve with accuracy in the record. It also observed that translation of the visual impact of a disfigurement into a monetary award involves a legal element of uniformity, and it allowed the Board to conduct its view of a claimant's visage and to modify an award where necessary to ensure that it is reasonably consistent with other similar disfigurement awards in Pennsylvania.

■ Accordingly, the Board may modify a WCJ award only if it concludes after conducting its own view that the WCJ capriciously disregarded competent evidence by entering an award significantly outside the range of benefits that most WCJs would select for a particular scar. *Hastings*. In so concluding, the Board must adequately explain its increase of an award to allow for meaningful appellate review. *City of Philadelphia*. The Court noted that an adequate explanation means that the Board must indicate "what range is acceptable under [the] circumstances, what most WCJs would award within that range or how the WCAB reached its con-

clusion that most WCJs would award greater compensation." *Id.*, 716 A.2d at 707. In *Lord & Taylor v. Workers' Compensation Appeal Board (Bufford)*, 833 A.2d 1223 (Pa.Cmwlth.2003), the Court emphasized that the Board should explain how it arrived at its determination of the range of awards that most judges would select in a given case to further the goal of promoting statewide uniformity in these cases.

■ After reviewing the record, the Court cannot conclude that the Board adequately explained its modification of the disfigurement award. *Lord & Taylor; City of Philadelphia.* The Board viewed McFarren's scar and accepted the WCJ's description of the scar, which was one and one-half inch in length, "slightly indented" and "slightly lighter than the rest of the skin on Claimant's neck" and unnoticeable for the last one-half inch as it blended into the natural crease of the neck. WCJ's Finding of Fact 3. Although the Board accepted this characterization of the scar as being slight in its severity, it nonetheless increased the award from six weeks to thirty-five weeks with no explanation other than that the proper range for the scar is thirty to forty weeks of compensation benefits. In furtherance of the goal of promoting statewide uniformity, the Board must explain how it determined that WCJs would select thirty to forty weeks of benefits for a surgical scar of one inch in visible length that was slight in its severity. The Board failed to do so here.

The decision in *General Motors* is distinguishable from this matter inasmuch as the Court there concluded that it was able to conduct meaningful appellate review based upon the Board's explanation for its decision. Notably, the Court rejected the employer's "rule of thumb" of ten weeks per inch in a standard linear scar case in western Pennsylvania because the rule was local in nature and inapplicable to the scar at issue, and thus it did not further the goal of promoting statewide uniformity. The Court dismissed the employer's argument that the Board's award was outside the range of benefits that most WCJs would select. Petitioner in the present matter, like the employer in *General Motors*, argues that the Board's award is outside the range of benefits that most WCJs would select. Unlike *General Motors*, however, Petitioner apparently asserts that a statewide, not a local, rule of thumb for cervical discectomy is up to twenty-five weeks.

While the Board may not be bound by a local rule of thumb, the Board should provide an explanation for its decision to increase the disfigurement award to allow the Court to determine whether the Board's decision is compatible with the goal as announced in *Hastings.* The Court is unable to review, without further explanation, whether the Board's modification of McFarren's award would promote statewide uniformity for similar disfigurement cases. *Lord & Taylor.*

Accordingly, the Court must vacate the Board's order and remand this matter to the Board to explain adequately its decision to increase the disfigurement award from six weeks to thirty-five weeks of benefits under these circumstances. The Board should explain how it determined the acceptable range of disfigurement benefits for McFarren's scar, where it does not dispute the WCJ's description, and should explain what most WCJs would award within the range deemed acceptable by the Board. It further should explain the grounds upon which it relied to reach the conclusion that most WCJs throughout the state would award more than six weeks of disfigurement benefits allowed by the WCJ in the matter *sub judice.* After the Board adequately explains its modification

of the WCJ's disfigurement award, the Board very well may reach the same or a similar conclusion. That determination, however, is left to the Board upon remand.

### ORDER

AND NOW, this 4th day of June, 2008, the Court vacates the order of the Workers' Compensation Appeal Board and remands this matter for purposes consistent with the foregoing opinion.

Jurisdiction is relinquished.