**DART CONTAINER CORPORATION,**
Petitioner

v.

**WORKERS' COMPENSATION
APPEAL BOARD (LIEN),**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Aug. 8, 2008.

Decided Oct. 23, 2008.

Marta J. Guhl, Philadelphia, for petitioner.

Michael J. Crocenzi, Harrisburg, for respondent.

BEFORE: SMITH–RIBNER, Judge, SIMPSON, Judge, and KELLEY, Senior Judge.

OPINION BY Judge SMITH–RIBNER.

Dart Container Corporation (Employer) challenges the disfigurement award for 70 weeks of benefits granted by the Workers' Compensation Appeal Board (Board), which substantially increased the disfigurement award entered by the Workers' Compensation Judge (WCJ) under Section 306(c)(22) of the Workers' Compensation Act.[1] Employer argues that the Board erred in modifying the WCJ's award for 22 weeks of benefits as it was supported by pertinent findings; erred in setting the range for the award of between 60 and 75 weeks such that it shocks the conscience; and erred in failing to establish that the WCJ's award was significantly outside of the range that most WCJs normally would award for a similar scar.

Lien suffered a neck and back injury while employed for Employer on October 8, 2002. Pursuant to a notice of compensation payable, she received $331 in weekly

---

1. Act of June 2, 1915, P.L. 736, *as amended,* 77 P.S. § 513(22). Section 306(c)(22) provides the following compensation: "For serious and permanent disfigurement of the head, neck or face, of such a character as to produce an unsightly appearance, and such as is not usually incident to the employment, sixty-six and two-thirds per centum of wages not to exceed two hundred seventy-five weeks."

total disability benefits based upon an average weekly wage of $450.99. Lien underwent cervical spine surgery that left a scar on her neck and later filed a review petition for disfigurement benefits. The WCJ found in part as follows:

> 3. ... From approximately 15–20 feet this Judge readily saw a scar estimated to be 1 1/2″ long and a 1/4″ wide from the center of Claimant's neck and going to the right.... This Judge then observed the scar at approximately one foot away and measured it to be 1 1/4″ long and 1/4″ wide. The scar was pink or red and in a straight line. Upon very close inspection at approximately six inches, this Judge confirmed that the scar branches into two small lines, like a letter "Y".... This Judge described the disfigurement as "a classic cervical scar." (N.T. 5/22/07 pg. 8)

> 4. Claimant was born on November 9, 1969, and this Judge noted that she ... does not have any other lines or creases about her face or neck.

> 5. This Judge finds that Claimant suffered permanent unsightly disfigurement on her neck....

The WCJ concluded that Lien proved that she suffered permanent and unsightly disfigurement as a result of her work injury and that she was entitled to 22 weeks of benefits. Lien appealed, claiming that the award was low and was outside the range that most WCJs would select. The Board agreed and reasoned as follows:

> Issues of disfigurement, including the seriousness and location of a scar, are facts to be determined by the WCJ. Sun Shipbuilding & Dry Dock Co. v. WCAB [41 Pa.Cmwlth. 302,] 398 A.2d 1111 (1979)....

> ... The most meaningful evidence in a disfigurement case is the WCJ's view of the disfigurement itself. McCole v. WCAB (Barry Bashore, Inc.), 745 A.2d 72 (Pa.Cmwlth.2000). However, the claimant may present herself to the Board, so that we may independently view the disfigurement. City of Philadelphia v. WCAB (Mercer), 717 A.2d 26 (Pa.Cmwlth.1998). Upon our view of the injury, we may modify the WCJ's award. LTV Steel v. WCAB (Rosato), [156 Pa.Cmwlth. 374,] 627 A.2d 285 (1993).

> ....

> Claimant appeared before us at oral argument on October 17, 2007. The visual impact of her disfigurement, the location and relative severity of her scarring, and the interests of uniformity in disfigurement awards, warrant a determination that the WCJ's award ... was below the proper range of benefits, which other WCJ's [sic] would award for similar disfigurements. Based on our experience, the range of awards that most WCJ's [sic] would select ... is between 60 and 75 weeks.

> In General Motors Corp. v. WCAB (McHugh), 845 A.2d 225 (Pa.Cmwlth. 2004), the Court observed that we have a duty to enter an award, based on our experience, that is reasonably uniform with awards in similar disfigurement cases throughout Pennsylvania, and rejected any reliance on "rule of thumb" guidelines.... Instead, the Court described our use of experience as a valuable function in providing uniformity in disfigurement cases. Therefore, based on our own observations and experience, we modify the WCJ's award to reflect 70 weeks of compensation....

Board Opinion, pp. 2–5.[2]

Employer cites *Fuller Co. v. Workmen's Compensation Appeal Board (Colon)*, 99

---

**2.** The Court's review of the Board's decision is limited to determining whether constitu-

Pa.Cmwlth. 193, 512 A.2d 1335, 1338 (1986), to support its argument that the WCJ's award was made within his discretion and that neither counsel objected to the WCJ's description, and therefore the Board erred in disturbing the award absent any evidence of deviation from the WCJ's discretionary powers. Citing *Hastings Indus. v. Workmen's Compensation Appeal Board (Hyatt)*, 531 Pa. 186, 611 A.2d 1187 (1992), Employer states that a disfigurement award will not be disturbed unless the WCJ capriciously disregarded competent evidence by entering an award significantly outside the range that most WCJs would select. It also relies upon *Philadelphia Gas Works v. Workers' Compensation Appeal Board (Camacho)*, 819 A.2d 1230 (Pa.Cmwlth.2003) (holding that award may not be modified unless it is outside of statewide range), and *City of Philadelphia v. Workers' Compensation Appeal Board (Doherty)*, 716 A.2d 704 (Pa. Cmwlth.1998) (holding that where it accepts WCJ's description, the Board may not modify an award without explaining why it was significantly outside of range set by the Board).

Employer maintains that the Board's disfigurement award of 70 weeks is not supported by case law and that it did not explain the range that it set for the award. It contends that after the Board's own view, it did not describe the scar or dispute the WCJ's description but yet awarded $23,170, which is excessive for a 1 1/4" long cervical scar and shocks the conscience as it far exceeds the WCJ's award. Furthermore, it submits, there is no evidence that the WCJ's award was significantly outside the normal range; that he would know what other WCJs might award for a similar scar; that the Board's power to review

disfigurement awards is not unfettered; and that the additional $15,880 in benefits is a windfall to Lien.

Lastly, Employer references three cases to support the WCJ's award: *Industrial Casting Co. v. Workmen's Compensation Appeal Board (Boltz)*, 35 Pa.Cmwlth. 172, 384 A.2d 1384 (1978) (awarding 17 weeks for 1 1/2" long cervical scar); *Nabisco Inc. v. Workmen's Compensation Appeal Board (Daggett)*, 82 Pa.Cmwlth. 432, 475 A.2d 188 (1984) (awarding 20 weeks for 2 1/4" long cervical scar); and *Empire Steel Castings, Inc. v. Workers' Compensation Appeal Board (Cruceta)*, 749 A.2d 1021 (Pa.Cmwlth.2000) (awarding 40 weeks for 3" long cervical scar). Employer submits that these cases show that the WCJ's award was within the normal range and that the Board had no authority to modify the WCJ's award.

Lien counters that under *Hastings* the Board may modify a WCJ's award to promote statewide uniformity. She asserts that Employer's argument, that the WCJ's award may not be modified absent evidence that he deviated from his discretionary powers, is based on a pre-*Hastings* standard and should be rejected. The case of *Philadelphia Gas Works* is distinguishable because the Board there modified the WCJ's award although the modification to 200 weeks was within the range of 180 to 220 weeks that the Board found acceptable. Here, the Board found the WCJ's award significantly outside the range that most WCJs would select, and Employer's reliance on *City of Philadelphia* is misplaced because the Board there did not justify its modification while here it did provide adequate explanation.

tional rights were violated, whether an error of law was committed, whether a practice or procedure of a Commonwealth agency was not followed and whether the findings of fact are supported by substantial evidence. *Lord & Taylor v. Workers' Compensation Appeal Board (Bufford)*, 833 A.2d 1223 (Pa.Cmwlth. 2003).

According to Lien, Employer's contention that a modification of the award shocks the conscience assumes an incorrect standard, and its monetary windfall argument deviates from the *Hastings* standard. The correct standard is based upon the number of weeks awarded to a claimant, not the gross monetary value of a compensable scar. Lien asserts that *Industrial Castings* and *Nabisco* have no impact here because they were decided more than 20 years ago before *Hastings*, where the Supreme Court never prescribed a certain range of weeks of benefits based on the type or length of a scar. Furthermore, *Empire Steel Castings* is irrelevant because the WCJ's award was not at issue in an appeal to the Board.

In its reply brief, Employer refers to the Court's recent decision in *City of Pittsburgh v. Workers' Compensation Appeal Board (McFarren)*, 950 A.2d 358, 360 (Pa. Cmwlth.2008), where the Court observed:

> [T]he Board may modify a WCJ award only if it concludes after conducting its own view that the WCJ capriciously disregarded competent evidence by entering an award significantly outside the range of benefits that most WCJs would select.... *Hastings*. In so concluding, the Board must adequately explain its increase of an award to allow for meaningful appellate review. *City of Philadelphia*.

The Court further indicated that the Board should explain how it determined the acceptable range of disfigurement benefits when it does not dispute the WCJ's description and the grounds on which it relies to conclude that most WCJs would award more than the number of weeks of benefits granted by the WCJ.

Lien argues in a sur-reply brief that *City of Pittsburgh* is inconsistent with *Hastings* and with *General Motors v. Workers' Compensation Appeal Board*

*(McHugh)*, 845 A.2d 225, 230 (Pa.Cmwlth. 2004), where this Court explained:

> By using its experience, the WCAB performs the valuable function of promoting uniformity in disfigurement awards throughout Pennsylvania, *Hastings*, and the fact that the WCAB did not refer to written guidelines as a basis for its award is not grounds for reversal. Indeed ... there are no binding written guidelines prescribing specific periods of compensation for each type of disfigurement, and we decline Employer's invitation to prescribe such periods or to offer any additional guidance on this issue as such is a matter within the province of our legislature.

Lien contends that the only distinction in *City of Pittsburgh* with *General Motors* was that the employer in *City of Pittsburgh* argued a statewide rule of thumb as opposed to a local rule of thumb argued in *General Motors*.

Based on its review of *Hastings, City of Pittsburgh, Philadelphia Gas Works* and other case law, the Court rejects the notion that *City of Pittsburgh* is in any way inconsistent. No discord with *Hastings* results by requiring the Board to explain its modification of an award consistent with case law. The principle cited in *General Motors* remains in *City of Pittsburgh*, although meaningful review was possible in *General Motors* and in *DPW/Norristown State Hospital v. Workers' Compensation Appeal Board (Reichert)*, 858 A.2d 693 (Pa.Cmwlth.2004), as well. Just as in *General Motors* and *Norristown State Hospital*, the Court in *City of Pittsburgh* did not require the Board to cite written guidelines or other awards to support its modification and will not do so here.

In *City of Pittsburgh* the Court vacated the Board's order and then remanded the matter where the Board viewed the claimant's scar for its location, length, appear-

ance and overall severity and accepted the WCJ's description but failed to explain the increase in the WCJ's award from 6 to 35 weeks of benefits. In *Philadelphia Gas Works* the Court reinstated the WCJ's award because the Board accepted the WCJ's description, and his award was not significantly outside the 180 to 220 weeks' range set by the Board. In the case *sub judice*, the Board considered the visual impact of Lien's disfigurement, its location and relative severity of her scarring and explained that based upon its experience the range that most WCJs would select for a similar scar is between 60 to 75 weeks. However, the Board did not describe Lien's scar, did not state whether it rejected the WCJ's description and did not explain why most WCJs would award within the 60 to 75 weeks' range. Therefore, a remand is in order, but as noted in *City of Pittsburgh* upon adequate explanation the Board may indeed reach the same result.[3]

### ORDER

AND NOW, this 23rd day of October, 2008, the Court vacates the order of the Workers' Compensation Appeal Board and remands this matter for purposes consistent with the foregoing opinion.

Jurisdiction is relinquished.

---

3. Given the Court's disposition, Lien's frivolous appeal argument and her request for an assessment of counsel fees need not be addressed.